PATRICK H. QUINN vs. HERBERT W. BARBER, Town Treasurer.

NOVEMBER 9, 1910.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Financial Town Meeting. Powers. Auditing Committee.*

Since a financial town meeting has no power to elect an agent known as an "auditing committee" and to provide that no money shall be expended by the town treasurer without his approval, an injunction, restraining a town · treasurer from paying any claims against a town not audited by the "auditing committee," was improperly granted.

Following *Cornell* v. *Barber*, 31 R. I. 358.

(2) *Financial Town Meeting. Appropriations. Salaries.*

A financial town meeting appropriated a sum to be used for the purpose of paying the salaries of town officers, and by vote fixed the salaries of the town council at a certain sum as full compensation:—

*Held,* that the vote constituted a limitation upon the appropriation, and an injunction restraining the town treasurer from exceeding such limitation was properly granted.

(3) *Special Tax. Permanent Improvements.*

A tax was levied "exclusively for permanent improvements on the highways. of the town, and for the erection of new school buildings." It was provided that no part should be used for any other purpose, and that the work should be done by contract, and a committee was appointed to expend the money for the permanent improvements:—

*Held,* that, without the provision that the work should be done by contract, the town council would have had the power, under Gen. Laws, 1896, cap. 72, § 6, to determine whether the appropriation should be so expended, but, as by the terms of the vote, it was to be done by contract, it must be expended as. directed by the financial town meeting.

*Held,* further, that the town treasurer could not properly pay out any of the special appropriation, even upon the order of the committee, for any purposes other than those for which the appropriation was made.

BILL IN EQUITY on facts stated in opinion. Heard on appeal of respondent, and affirmed except as to part.

JOHNSON, J.   This is an appeal from a decree of the Superior Court granting a preliminary injunction.

The bill of complaint was brought by Patrick H. Quinn, an elector of the town of Warwick, in the county of Kent, against Herbert W. Barber, town treasurer of said town, and sets out certain votes passed at the annual financial town meeting of

said town, November 17, 1908, by the electors qualified to vote at such meeting, of which the portions material to this case are as follows:

"(a)    Voted that the Town Treasurer is hereby directed not to expend any money in payment of any bill or claim against the town unless said bill or claim shall first have been approved by an auditing committee to consist of the person named in this resolution who is hereby elected to serve as such auditing committee for one year from this date at a salary of $200.

"And the holder of any such bill or claim against the town shall be left to collect the same by due process of law, whenever said auditing committee shall not have approved the same.

"In case of any vacancy in the above committee by death, resignation or otherwise, the Committee on Town Debt shall elect a person to fill such vacancy.

"And it is further voted that all expenditures to be made pursuant to votes of this town meeting shall be subject to the above conditions.

"And Charles H. Allen is hereby elected as such auditing committee.

"(b)    Voted that the annual salary of each member of the Town Council shall be fifty dollars which sum shall be his full compensation for all services performed by him as a member of the Town Council or of any committee thereof, or for any services performed by him for the town in any capacity during the term for which he is elected."   .   .   .

"(c)    *Voted:* That a special tax of twenty-five cents on each $100 of the valuation of the real property in this town, and the personal property belonging to the inhabitants thereof and other ratable property therein, is this seventeenth day of November, 1908, levied.

"The Board of Assessors shall assess and apportion said tax on the inhabitants and ratable property in said town on the same day and at the same hour this day fixed by this meeting for the assessment of the general tax of seventy-five cents this day levied, and shall date and sign said assessment roll and deposit it in the office of the Town Clerk at the same time that

they take like action upon the assessment roll of the aforesaid general tax of seventy-five cents. And in all other respects said assessors shall conform to the vote levying said general tax this day voted, in regard to this special tax, in so far as the same may be applicable hereto.

"Said special tax shall be payable at the same time and in the same manner that said general tax is payable, and shall bear interest at the same rate and from the same date that said general tax does.

"Said special tax thus levied is exclusively for permanent improvements on the highways of the town and for the erection of new school buildings and additions to present school buildings. No part thereof shall be used for any other purpose, and the expenditure of this special tax shall be exclusively made by such committees as are this day appointed by this meeting for such purposes.

"Fifteen thousand dollars thereof is hereby appropriated for permanent improvements upon the town highways, and the balance of said special tax is hereby appropriated for the erection and repair of school buildings.

"(d)   *Voted:*   That John H. Collingwood, Victor Lawrence, Matthew Blade, Henry McMahon and Herbert B. Barton be and they are hereby appointed a committee to expend the money this day appropriated for, or so much thereof as may be necessary for permanent improvements on the highways of the town, with full power and authority to expend said money in such sections of the town as in the judgment of said committee such permanent improvements are most needed: *Provided* that this resolution shall not apply to the improvements to be made on the road from Carpenter's corner to Buttonwoods.

"(e)   *Voted:*   That all work involved in the appropriations this day made for permanent improvements shall be done by contract; all committees appointed at this meeting to have charge of such work shall advertise for bids thereon, and in said advertisement shall give notice that all bids must be in writing and sealed, and shall state a time and place when the bids thus received shall be opened publicly. All work shall be awarded to the lowest responsible bidder.

"(f)   *Resolved:*   That the sum of $10,000 be and the same is hereby appropriated and set apart for the construction, repair and maintenance of highways and bridges during the ensuing year, said sum to be expended under the direction of the Town Council."

The bill further alleges: "That the respondent as such town treasurer has wrongfully and unlawfully paid alleged and pretended bills and claims presented against said town since the date of said town meeting, which did not bear the audit or approval of said auditing committee appointed as aforesaid, in violation of the aforesaid votes, ordinances, and resolutions set forth in the fourth paragraph of this bill.   And said respondent threatens and avers that he will so continue to pay all bills and claims presented against said town and allowed by the town council thereof, without regard to the aforesaid auditing committee appointed by the town meeting, and that he will continue to totally ignore said auditing committee and said action of the aforesaid town meeting."

And the complainant further avers, "upon information and belief, that said respondent has wrongfully paid the members of the town council of said town at the rate of $200 per annum for alleged services as such councilmen, in direct violation of the aforesaid resolution, '(b)' passed by the town meeting aforesaid, and that he avers and threatens that he will continue to pay said councilmen at said rate notwithstanding the aforesaid resolution of the town meeting."

And the complainant further avers "upon information and belief, that, in direct violation of the letter and spirit of the aforesaid resolution '(c)' said respondent refuses to pay out any of the special tax mentioned in resolution '(c)' upon the order of the committee named in resolution '(d)' to expend said money, and on the contrary has commenced to pay out said special tax upon the sole order of the Town Council of said town and for repair work on the highways of said town; and said respondent has informed this complainant that he will so continue to pay out and expend said special tax unless and until he is restrained from so doing by some proper tribunal," and prays

that the respondent town treasurer may be both temporarily and permanently enjoined from: "1. Paying any bills or claims presented against said town that are not audited by the aforesaid Charles H. Allen, auditing committee.

"2. Paying to the members of the town council of said town any sum as salary in excess of fifty dollars per year.

"3. Paying out any of the special tax mentioned in resolution 'c' set forth in paragraph four of this bill upon the order of any person or body other than the committee mentioned in resolution 'd', also set forth in paragraph four.

"4. Paying out or expending any of said special tax for any purposes whatsoever other than permanent improvements upon the highways of said town and for the erection and repair of school buildings."

The bill is supported by the oath of the complainant.

Upon hearing the Superior Court granted the prayer for a preliminary injunction, and a decree was entered restraining and enjoining the respondent from

"1. Paying any bills or claims presented against said town that are not audited by Charles H. Allen, as auditing committee;

"2. Paying to the members of the Town Council of said town as salary, any sum in excess of the amount appropriated and fixed by the financial town meeting as the salary of said councilmen:

"3. Paying out any of the special tax set apart by the taxpayers for *permanent* improvements, except upon the order of the committees appointed by the taxpayers to expend said special tax."

From this decree the respondent has appealed.

As to the first injunction against paying any bills or claims presented against said town that are not audited by Charles H. Allen, as auditing committee, the same question arose in *Cornell* v. *Barber*, 31 R. I. 358. In that case the financial town meeting of the town of Warwick, November 16, 1909, passed a vote to the same effect as the vote passed by the financial town meeting of said town November 17, 1908, under consideration in this case. In that case the court said, pp. 370–371:

(1) " As we have before shown, the statute requires the presentation of claims to the town council as a prerequisite to a suit against the town. It can not well be supposed that the presentation of claims is required to be made to a body with no power to act upon them, either to order them paid or refuse to do so. If any matter or thing can be said by law to come within the jurisdiction of the town council, it seems clear that claims so presented do so come within it. Considering said sections 12 and 13, chapter 46 (Gen. Laws, 1909), in connection with said section 4, chapter 50 (Gen. Laws, 1909), it seems to us there can be no question as to the power of the town council to pass upon, allow, and order paid claims against the town, or as to the duty of the town treasurer to pay claims so allowed and ordered paid. The power attempted to be given to the auditing committee by the vote of the financial town meeting in this case, to pass upon, allow, and decide whether bills and claims against the town should be paid, was an attempt on the part of said financial town meeting to appoint an agent for the transaction of town business by law required to be performed by officers known to the law, viz., the town council. The appointment of an agent to transact *such* town business could not be made even by the *town itself*, under the provisions of said section 11 (chapter 46 Gen. Laws, 1909), still less by the *financial town meeting to whom the power of appointing such an agent is not given by the section.* What is attempted by the votes passed at the financial town meeting is to transfer from the town council to the auditing committee the powers of allowing and ordering payment, by the town treasurer, of bills and claims against the town."

And, as the admissions of the respondent excluded every defence, and the refusal to pay was based solely on the fact that the claim had not been approved by the auditing committee appointed at the financial town meeting, the court held that the petition for a *mandamus* to compel the town treasurer to pay the claim should be granted.

The statutory provisions cited by the court in the quotation *supra*, are the same as those in force when the vote under consideration in the case at bar was passed,—sections 11, 12, and 13,

chapter 46, Gen. Laws, 1909, being the same as the corresponding sections of chapter 36, Gen. Laws, 1896; and section 4 of chapter 50, Gen. Laws, 1909, being the same as section 4 of chapter 40, Gen. Laws, 1896.

Upon this point the injunction was improperly granted.

(2)      As to the injunction against paying to the members of the town council of said town as salary, any sum in excess of the amount appropriated and fixed by the financial town meeting as the salary of said councilmen, the vote of the financial town meeting, as set out in the bill, was: "that the annual salary of each member of the Town Council shall be fifty dollars which sum shall be his full compensation for all services performed by him as a member of the Town Council or any committee thereof, for any services performed by him for the town in any capacity during the term for which he was elected."

At the time of the hearing on appeal there was filed in this court a stipulation in writing, signed by counsel for the parties, that a copy of a resolution certified by the town clerk of the town of Warwick as passed at said financial town meeting on November 17, 1908, as follows: "*Resolved:* That the sum of $12,000, or so much thereof as may be necessary, be and the same is hereby appropriated to be used for the purpose of paying the salaries of Town Officers," may now be introduced and considered in the same manner and with the same effect as though it had been introduced in the Superior Court at the hearing on the preliminary injunction. In our opinion, however, the vote above quoted fixing the amount of compensation to be paid to each member of the town council for his services during the year for which he was elected, constitutes a limitation upon any appropriation for the payment of the salaries of Town Officers during said year. The intention of the financial town meeting to limit the amount that should be paid to any member of the town council is clear, and the payment to any member of any sum in excess thereof is what is sought by the bill to be enjoined. The appropriation for payment for the services of each member of the town council being thus limited, the town treasurer can not exceed such limitation. The preliminary injunction was in this respect properly granted.

(3)    There remains for consideration the injunction against pay-
ing out any of the special tax set apart by the taxpayers for
permanent improvements, except upon the order of the commit-
tees appointed by the taxpayers to expend such special tax.
This tax was levied "exclusively for permanent improvements
on the highways of the town and for the erection of new school
buildings and additions to present school buildings." It
was provided in the vote that "no part thereof shall be used for
any other purpose." In *State* v. *White*, 16 R. I. 591, 595, where
an appropriation was made to build a bridge and to set curbing
and pave the gutters on the highway on the road on which the
bridge was to be built, speaking of the vote making said appro-
priation, this court said: "And still further it appears, by the
vote of the town making the appropriation for the work under
consideration, that it was not for repairs or ordinary work on the
highways, but for a permanent improvement. The regular
and ordinary appropriation for repairs was made at the April
town meeting, and was subject to the control of the commis-
sioner for ordinary work. *This* appropriation, however, was
for extraordinary work and for that only, as appears from the
wording of the vote. It could not be legitimately used for
general repairs, or for any other purpose than that designated
by the taxpayers." In that case the town council had appointed
a committee to do the work, and an information in the nature
of *quo warranto* was filed by the attorney-general on the rela-
tion of the highway commissioner of the town to inquire by
what authority the defendants (the committee appointed by the
town council) assumed to do the work. In the vote in the
present case it was provided "that all work involved in  the
appropriations this day made for permanent improvements
shall be done by contract." Without the provision that the
work shall be done by contract the town council would have
had the power, under the statute, to determine whether said
appropriation should be so expended.

Section 6, cap. 72, Gen. Laws (1896), provided: "Whenever
any town shall make, in addition to its annual appropriation
for the maintenance and repair of its highways and bridges,

a special appropriation for the building or repair of any particular highway or bridge or other highway work, and shall not provide that such appropriation be expended by contract, the town council of such town shall determine whether the same shall be so expended; and if not expended by contract, it shall be expended by the surveyor of highways of the district within which the work is to be done." As the work, however, is by the terms of the vote to be done by contract, the town council is not given by this statute the power to determine as to the manner of expenditure of this appropriation, and it must be expended as directed by the vote of the financial town meeting.

The bill prays also that the respondent town treasurer be enjoined from paying out or expending any of said special tax for any purposes whatsoever other than permanent improvements upon the highways of said town and for the erection and repair of school buildings. This prayer might properly have been granted. Indeed, the town treasurer could not properly pay out any part of said special appropriation, even upon the order of said committee, for any purposes other than those for which said special appropriation was made. The injunction forbids only the payment of any of said special tax except upon the order of the committees appointed by the taxpayers to expend said special tax. The fact, however, that the preliminary injunction in this respect is not so broad as it might have been does not militate against its propriety in the more limited form in which it was granted.

The decree appealed from is affirmed except as to the injunction, in paragraph 1 thereof, against paying any bills or claims presented against said town that are not audited by Charles H. Allen, as auditing committee, in which respect it is reversed.

Case remanded to the Superior Court for further proceedings.

*Quinn & Kernan, Joseph McDonald,* for petitioner.

*Harry C. Curtis,* for respondent.