HERBERT W. BARBER *vs.* DWIGHT R. ADAMS, Town Treasurer.

JANUARY 6, 1915.

PRESENT: Johnson, C. J., Parkhurst, Vincent, and Baker, JJ.

*(1) Taxation. Compensation of Collector. Municipal Corporations. Bonds.*

A town council duly elected plaintiff as collector of taxes, but did not fix his compensation nor offer any sum to him for his services. On the same day plaintiff complied with the provisions of the statute by taking the oath of office and on the following day at a financial town meeting it was voted that $600 be appropriated as the salary of the tax collector. Thereafter plaintiff notified the town council that he refused to accept the sum specified and to agree with the town upon said sum. Plaintiff tendered a bond to the council which refused to accept it, and voted that the sum of $600 be appropriated for his compensation. Thereafter the council in accordance with the mandate of the court approved the bond and at the same meeting plaintiff notified the council that he refused to accept the sum specified by the vote of the financial town meeting and also the sum specified by the vote of the council and to agree with the town upon that sum. Plaintiff proceeded to collect the taxes and turned the same over to the town treasurer and presented to the council a claim for compensation for five per cent. of the taxes collected and the same not having been satisfied brought his action.

Gen. Laws, 1909, cap. 62, § 4, provides "Collectors shall be paid for collecting at the rate of five per centum unless they shall have agreed with the town for a less sum; which fees shall be paid out of the town treasury."

*Held,* that the collector of taxes cannot be deemed to have forfeited his right to demand the five per centum, unless he has agreed with the *town* for a less sum.

*Held,* further, that the bond took effect as of the date of the delivery thereof to the council and therefore plaintiff became fully qualified prior to the action of the council when it attempted to fix his salary at $600 by appropriation. (*Distinquishing Barber* v. *Adams,* 33 R. I. 481.

*Held,* further, that while the council could have made the amount of the compensation a condition of the election, it had no power to compel plaintiff to accept a certain sum or "to agree with the town."

*Held,* further, that the action of the financial town meeting was of no effect, since the statute as to compensation was itself an appropriating statute, requiring no appropriation by the financial town meeting, the statute being of higher obligation than any action that might be taken by such a meeting. (*Distinguishing Quinn* v. *Barber,* 31 R. I. 538, and *Town of Warwick* v. *Barber,* 32 R. I. 445.)

(*2*)    *Municipal Corporations.    Notice of Claim.    Division of Towns.*

Jan. 20, 1913, plaintiff presented a claim to the town council of Warwick and no satisfaction being made him by the town treasurer within forty days his right of action against the town treasurer accrued March 2, 1913. March 14, 1913, an act dividing the town of Warwick into two towns took effect.

By Section 11 of that act the town officers in office in the town of Warwick were to hold office until the officers of the respective towns of Warwick and West Warwick were elected.

Plaintiff brought suit by writ dated May 23, 1913, against the town treasurer of Warwick, who was continuing to perform such duties for both of the towns, no mention being made in either writ or declaration of the town of West Warwick.    After the first election in each of the towns, the two treasurers were served with process and made defendants, and they entered appearance.

By Section 14, "causes of action against the present town of Warwick in which no suit has yet been brought shall be brought in the manner prescribed in Chapter 46 of the General Laws of 1909, but against both the towns of Warwick and West Warwick."

*Held,* that the procedure taken was proper.

ASSUMPSIT.    Heard on agreed statement of facts.

PARKHURST, J.    This case comes before this court upon an agreed statement of facts filed in the Superior Court within and for the County of Kent, and certified therefrom to this court for its determination, under the statute, Gen. Laws of R. I. (1909), cap. 298, § 4.    The agreed statement of facts is as follows:

The plaintiff, Herbert W. Barber, was upon the 14th day of November, A. D. 1910, duly elected Collector of

Taxes of said Town of Warwick, by the Town Council of said town.

The record of said Town Council is as follows:

"The Council appoints the following Town Officers and fixes salaries:

Town Solicitor,
    Lester T. Murphy...........Salary, $600.00 per annum.
Judge of Probate,
    Lester T. Murphy...........Salary, $600.00 per annum.
Collector of Taxes,
    Herbert W. Barber.......................................
Town Auditor,
    Joseph H. Potter...........Salary, $600.00 per annum.
Janitor of Town Hall,
    Charles H. Arnold..........Salary, $13.00 per week.
Commisioners of Highways,
    Highway District No. 1............Henry B. Matteson.
       "      "   No. 2............S. Winfield Himes.
       "      "   No. 3...........Joseph Gagnon.
       "      "   No. 4............James G. Ludlow.

The compensation for each of the above officers being fixed at $2.50 for each day's work performed."

The Town Council at said meeting held upon the 14th day of November, A. D. 1910, did not fix or purport to fix the salary or compensation of said Tax Collector nor offer any sum to said plaintiff for services to be performed by him as said Tax Collector, but adjourned without fixing or attempting to fix said compensation or making any offer to said plaintiff.

Thereafter upon the same day, to wit, the 14th day of November, A. D. 1910, the said Herbert W. Barber, plaintiff, took the following engagement before James T. Lockwood, Notary Public:—

"STATE OF RHODE ISLAND, &c. ⎱
   COUNTY OF KENT, SC.    ⎰

In Warwick, in said county and state, on this 14th day of November, A. D. 1910, Herbert W. Barber came personally before me and made oath that he will be true and faithful unto said state, and support the laws and constitution thereof, and the constitution of the United States; and that he will well and truly execute the office of Collector of Taxes in and for said Town of Warwick for the year ensuing, until another be engaged in his place, or until he be legally discharged therefrom.

JAMES T. LOCKWOOD,<br>·    <i>Notary Public.</i>"

That upon the following day, to wit, the 15th day of November, A. D. 1910, by the electors of said Town of Warwick qualified to vote upon any proposition for the expenditure of money or the imposition of a tax, assembled in financial town meeting, it was voted as follows:—

"The following sums of money are hereby appropriated as the salaries of the Town Officers named below for the year ensuing, and the Town Treasurer is hereby forbidden to pay any officer named in this resolution any sum of money in excess of the amounts hereby appropriated.

. . . . . . . . . . . . . . . . . . . . . . . . .
Tax Collector. . . . . . . . . . . . . . . . . . . . .: 600."
. . . . . . . . . . . . . . . . . . . . . . . .

Meetings of the said Town Council were held upon the 22nd day of November, the 25th day of November, the 26th day of November, the 29th day of November, the 27th day of December, A. D. 1910, and the 24th day of January, A. D. 1911, and at none of said meetings were any votes passed fixing or purporting to fix the salary or compensation of the Collector of Taxes or offering to the plaintiff any sum for compensation for services to be performed by him as Collector of Taxes as aforesaid.

The plaintiff presented to the Town Council at its meeting held upon the 24th day of January, A. D. 1911, the following communication:—

"*To the Honorable Town Council of the Town of Warwick and to said Town of Warwick:—*

The undersigned, having been elected Collector of Taxes of said Town, hereby makes known to said Town Council and said Town that he declines to accept the sum specified by the vote of the financial town meeting of said town as compensation for his services as Collector of Taxes for the ensuing year and refuses to agree with said town upon the sum so specified in said vote.

Very respectfully,<br>HERBERT W. BARBER."

And said communication was read to the Council and it was thereupon voted that said communication be received and recorded.

At the same meeting of the said Town Council the said plaintiff presented his bond which was dated Nov. 30, 1910, to said Town Council for its approval and it was "*Voted,* that the same be and is referred to the Solicitor." And at the same meeting the bill of the Surety Company which had executed said bond as surety for premium on said bond was presented and ordered paid.

At a meeting of the Town Council held upon the 4th day of February, A. D. 1911, it was "*Voted,* that the bond presented by Herbert W. Barber for Tax Collector on January 24, 1910, for approval and acceptance by the Town, be and the same is hereby not approved or accepted."

At the same meeting it was "*Voted,* that the sum of Six Hundred Dollars be and the same is hereby appropriated as the compensation for the Tax Collector for the ensuing year."

Excepting for this vote, no action was taken by said Town Council fixing or attempting to fix the compensation for Tax Collector.

After the action of the Town Council upon the 4th day of February, A. D. 1911, in voting that the bond of the plaintiff as Tax Collector be not accepted nor allowed, the plaintiff brought his petition for writ of mandamus against the members of the Town Council, to compel them to approve and accept his bond; said petition was heard before the Superior Court, His Honor, Mr. Presiding Justice Tanner, presiding, and said petition was granted and writ of mandamus was ordered to issue.

At a meeting of said Town Council held upon the 28th day of February, A. D. 1911, it was voted that the bond of the Tax Collector be approved and accepted.

At the same meeting, the plaintiff presented to said Town Council, when in session, the following communication:

"WARWICK, R. I., February 28, 1911.
*The Honorable Town Council of the Town of Warwick and the said Town of Warwick.*
GENTLEMEN:—

The undersigned having been elected Collector of Taxes of said Town of Warwick, hereby makes known to said Town Council and to said town that he declines to accept the sum specified by the vote of the financial town meeting of said town, and also the sum specified in a vote of the Town Council of said town attempting to fix the compensation of said Collector of Taxes and refuses to agree with said town upon the sum so specified.

Very respectfully,
HERBERT W. BARBER,
*Collector.*"

And the same was read to the Council and it was voted that the same be laid upon the table.

At the financial town meeting aforesaid held upon the 15th day of November, A. D. 1910, it was voted that a tax be levied upon the real property and personal property belonging to inhabitants of said Town of Warwick and other ratable property therein and that the Board of Assessors

of Taxes should assess and apportion said tax on the 31st day of December, A. D. 1910, pursuant to which said vote the Assessors of Taxes of said Town of Warwick did upon the date prescribed, namely, the 31st day of December, A. D. 1910, assess and apportion on the inhabitants of said town and the ratable property therein a tax at the rate and in the manner prescribed by said vote of said financial town meeting and thereafterwards, to wit, upon the 28th day of February, A. D. 1911, the plaintiff being then and there Town Treasurer of said town as well as Collector of Taxes thereof, received from the Town Clerk of said Town of Warwick the warrant of said Town Clerk commanding said plaintiff to proceed and collect the several sums of money expressed in the copy of the assessment of taxes to which said warrant was affixed and the plaintiff forthwith did proceed and did execute the duties imposed upon him as Collector of Taxes aforesaid and did collect the several sums of money in said assessment expressed, of the persons and estates liable therefor, to the amount of one hundred seventy-five thousand six hundred forty-two and seventy-eight one hundredths ($175,642.78) dollars, and did pay over the sums so collected to the said Herbert W. Barber, who was then and there Town Treasurer and to Dwight R. Adams, who thereafterwards became Town Treasurer, the said plaintiff having resigned his office as Town Treasurer and the said Dwight R. Adams having been elected to succeed him and having qualified as such Town Treasurer and paid over to the duly authorized Town Treasurer of said town all the sums so collected by him.

That more than forty days prior to the commencement of this action, to wit, upon the 20th day of January, A. D. 1913, the said plaintiff claiming that he had not agreed with said Town of Warwick for a less compensation than five per centum (5%) of the sums collected by him, presented to said Town Council of said Town of Warwick, his claim for compensation to wit, for five per centum (5%) of the taxes theretofore collected, amounting to the sum of

one hundred seventy-five thousand six hundred forty-two and seventy-eight one hundredths ($175,642.78) dollars, the amount claimed by said plaintiff being eight thousand seven hundred eighty-two and fourteen one hundredths ($8,782.14) dollars and then and there presented to said Town Council the particular account of said claim, debt and demand and how the same was contracted and incurred and no just and due satisfaction has been made to him by the Town Treasurer of said town or by any other person and no part of the sum claimed by him has been paid.

Said claim for compensation was never presented to the Town Council of the Town of West Warwick or to any other council or body than the said Town Council of Warwick.

That in November, A. D. 1913, the Town of Warwick having been divided, Howard V. Allen was elected Town Treasurer of the Town of Warwick and has duly qualified as said Town Treasurer of the Town of Warwick and Philip Duffy was duly elected Town Treasurer of the Town of West Warwick and has duly qualified and accepted such office and said newly elected and qualified Town Treasurers of Warwick and West Warwick, respectively, have been upon the plaintiff's motion summoned in and made parties defendant to this action.

That the defendant excepted to this action of the Superior Court and the said Duffy as Town Treasurer of West Warwick entered his appearance herein under protest and filed an exception to the said ruling of the court summoning him in as party defendant as aforesaid.

WHEREFORE, the parties hereto respectfully inquire whether upon the foregoing state of facts the plaintiff, Herbert W. Barber, is entitled to judgment against the defendants herein or either of them for the sum of money so claimed by him or for any part thereof.

It will be convenient at this point to examine the statutes as to the election and qualification of a collector of taxes in order clearly to ascertain what is his status under the law.   Under Gen. Laws (1909), Chapter 49, § 1 provides:

"The electors in each town shall annually, on their town election days, choose and elect" . . . (naming various other town officers) . . . "one or more collectors of taxes" . . . &c. Sec. 13 provides: "In case any town shall, on the day of any such annual election, fail to elect any of the officers whom they may lawfully choose, except town clerk, town council, justices of the peace and town treasurer, the said officers shall be elected by the town council of the town at their next meeting: *Provided, however,* that town councils may postpone the election of any of said officers to some future meeting; and the several towns shall have full power to delegate to their respective town councils the election of any of the officers whom such town may lawfully choose, except town clerk, town council, justices of the peace and town treasurer." Section 15 provides the form of engagement to be taken by persons elected to office, the same as was taken by the plaintiff in this case, as shown in the agreed statement of facts.

As to the bond, said Chapter 49, § 17, provides: "Every collector of taxes shall give bond, with sufficient surety, for the faithful performance of such trust, to the town treasurer of the town for which he is chosen, in such sum as the said town or the town council of said town shall determine, not exceeding double the amount of the tax with the collection of which he shall be charged. Whenever any town shall elect its town treasurer collector of taxes for such town, the bond to be given by such collector under the provisions hereof shall be given to the town, and shall be delivered to the town council for safe keeping, and upon the happening of any breach of the condition of the said bond, an action thereon may be commenced in the name of the town to which it was given."

As to compensation, see Chapter 62, § 4, as follows: "Assessors shall receive such compensation as the town shall allow; town clerks shall be paid for copying tax-bills as for other copies; and collectors shall be paid for collecting at the rate of five per centum, unless they shall have agreed

with the town for a less sum; which fees shall be paid out
of the town treasury. In case of distraint of personal
property, or levy on land, the collector shall have the same
fees as sheriffs have in similar cases." This provision as
to compensation is of ancient origin in the laws of this
state; the same provision appears in the revision of 1798,
p. 418, Sec. 25, which reads thus:—"*And be it further enacted,*
That the assessors shall be allowed one and one-quarter
per cent. for apportioning each tax, and the town-clerk for
copying the tax-bills shall be paid as for other copies, and
the collector shall be paid for collecting at the rate of five
per cent. unless he shall have agreed with the town therefor
for a less sum, which fees shall be paid out of each town-
treasury." This provision appears without substantial
change through all subsequent revisions down to the last;
and the same may be said as to the substance of the other
provisions above quoted. (See Laws of 1798, p. 331 *et seq.*)

It thus appears that on November 14, 1910, the plaintiff
being already town treasurer, was duly elected collector of
taxes by the town council which had full authority to so
elect him and immediately on the same day complied with
the provisions of the statute by taking the oath of office;
and that thereafter (there being no time fixed), before his
active duties as collector of taxes commenced, he procured
a bond from a surety company and tendered it to the town
council; the bond bore date November 30, 1910, and was
presented to the town council at a meeting held January 24,
1911; the bond was received by the council and referred to
the town solicitor and the bill of the surety company for
premium on the bond was presented to the council and
ordered paid; that at the same time (January 24, 1911), by
written notice addressed to the town council and the town
of Warwick and filed with the council, he made it known that
he declined to accept the sum specified by the financial town
meeting as compensation, and refused to agree with the
town upon that sum. Up to this time no action had been
taken by the town council looking to any agreement with the

plaintiff as to his compensation or attempting to fix the same; nor was any such action taken on the part of the town council until February 4, 1911, when at a meeting of the council it was voted that the bond presented on January 24 be not approved; and it was also voted to appropriate $600 for compensation for the tax collector for the ensuing year. The plaintiff thereupon procured a writ of mandamus from the Superior Court commanding the town council to approve and accept his bond; and on February 28, 1911, the council voted, in accordance with that mandate that the bond of the tax collector be approved and accepted. On said February 28, he again by written notice addressed to the town council and to the town of Warwick and filed with the council, made it known that he declined to accept the sum above referred to as his compensation as collector of taxes, and refused to agree with the town upon that sum; and on said February 28, the plaintiff received the warrant of the town clerk with the copy of the assessment of taxes made by the assessors in due course of law attached thereto, commanding him to proceed and collect the taxes; and he thereafter did proceed and collected the amount of taxes set forth, and turned the same over to the town treasurer; thereafter he presented his claim to the town council and the same not having been satisfied he brought this suit.

No claim is made that there was any irregularity on the part of the plaintiff in his proceedings; he was duly elected, he duly qualified by taking the engagement required by law and by giving bond with sufficient surety to the town and delivering the same to the town council; and his bond was finally approved and accepted before he commenced the collection of taxes; he proceeded, pursuant to lawful warrant, to collect the taxes assessed, and did collect the same; and seasonably filed his claim for compensation at the rate of five per cent. with the town council, and after proper lapse of time brought this suit; he has not agreed with the town for a less sum, but has declined so to agree upon two occasions.

The main contention of the defendants is that, because the financial town meeting on November 15, 1910, in making appropriations for salaries of several town officers, appropriated the sum of $600 for the salary of the tax collector, and forbade the town treasurer to pay any officer named any sum of money in excess of the amount appropriated; and because the plaintiff thereafter accepted the office by completing his qualification as to filing bond and by executing the duties of the office with notice of such action; the plaintiff became thereby bound to accept the sum of $600 in full for his compensation, although he had twice said that he would not accept it and would not agree with the town for that amount. This court cannot sustain this contention.

The statute, Chapter 62, § 4, above quoted, plainly says: "Collectors *shall* be paid for collecting at the rate of five per centum, unless they shall have agreed *with the town* for a less sum; which fees *shall be paid out of the town treasury.*"

Under this statute of such ancient origin, the collector of taxes stands upon a different footing from most other town officers; he appears to be the only town officer whose fees are now definitely fixed by statute upon a percentage basis; formerly assessors of taxes were allowed "one and one-quarter per cent. for apportioning each tax." (See Laws of 1798, p. 418, § 25, *supra.*) In order that the collector should be held to have forfeited his right to demand five per cent. it is necessary that he "shall have agreed with the *town* for a less sum."

It is true that this court held in *Barber* v. *Adams*, 33 R. I. 481 (a suit between the same parties as in the case at bar, for compensation for collecting tax of 1909–10), that the plaintiff could not recover five per cent. upon the amount collected; but in that case the town council had elected the plaintiff collector of taxes, and, at the same meeting, had voted to fix his salary at $600; upon p. 484, the court said as follows: "The plaintiff lays stress upon the fact that in the case at bar the vote of the town council, fixing the compensation of the tax collector, was passed after the plaintiff's

election. It was however passed at the same meeting, was clearly intended by the council as a condition of the election and was known by the plaintiff before he qualified and gave bond. We are of the opinion that the vote in question attached itself to the election of the plaintiff as a condition thereof; and that the plaintiff, by qualifying under that election, must be held to have accepted the condition and agreed with the town. The fact that the plaintiff notified the town council that he refused to agree with the town upon the sum specified in the vote of the financial town meeting does not affect the case. The town did not change its position or modify the condition attached to the plaintiff's election."

In the case at bar the town council took no action in reference to the salary of the collector of taxes, at the meeting at which he was elected; and it was not until the meeting of February 4, 1911, that the town council took action by voting to appropriate $600 for compensation for the collector. But in the meantime the plaintiff had taken his engagement (November 14, 1910), had filed his bond (January 24, 1911), which bond was subsequently accepted and approved by the town council (February 28, 1911), pursuant to the writ of mandamus of the Superior Court; this bond then must be deemed to have taken effect as of the date of the delivery thereof to the town council (January 24, 1911); and therefore the plaintiff must, as a matter of law, be deemed to have become fully qualified prior to the action of the town council on February 4, 1911, when it attempted to fix his salary at $600 by appropriation. This state of facts so far distinguishes the case at bar from Barber v. Adams, 33 R. I. 481, as to make the latter case of no authority in the decision of the case at bar. The attempt by the town council in the case at bar to fix the salary of the plaintiff was of no effect under these circumstances.

The town council had no power to compel the collector of taxes to accept $600, or to "agree with the town;" the council could have annexed the same condition to the elec-

tion as in 33 R. I. 481, *supra*, by vote at the time of the election of the collector; but it did not do so.

The action of the financial town meeting was equally of no effect. The statute itself fixes the compensation of the collector of taxes at five per cent. unless he "shall have agreed *with the town* for a less sum; which fees shall be paid out of the town treasury."

We have heretofore held in *Cornell* v. *Barber*, 31 R. I. 358, 364, *et seq.*, that the electors qualified to vote in a financial town meeting "do not constitute the town." (See, also, *Quinn* v. *Barber*, 31 R. I. 538, 542.) The financial town meeting has nothing whatever to do with the election, qualification, or removal of the collector of taxes; all these matters are committed by the several provisions of statutes above quoted to the general town meeting at which all the qualified voters of the town have the right to vote, or by delegation to the town council, in case the town meeting does not elect. And the statute last above quoted as to compensation is in itself an appropriating statute, fixing the fees and directing their payment out of the town treasury. There is no need of any appropriation by the financial town meeting to pay these fees; and even if the financial town meeting should fail or refuse to appropriate any money for these fees, or in express terms direct the town treasurer not to pay them, nevertheless the statute is of higher obligation than the action of the financial town meeting and must be obeyed.

We are not unmindful of the decision in *Quinn* v. *Barber*, 31 R. I. 538, 544, where the financial town meeting of Warwick had voted "that the annual salary of each member of the town council shall be fifty dollars, which sum shall be his full compensation for all services performed by him as a member of the town council or any committee thereof, for any services performed by him for the town in any capacity during the term for which he was elected;" and where it appeared that the town treasurer had paid members of the town council at the rate of $200 per annum in violation of said vote, and threatened to continue to pay at such

rate, etc.; and where an injunction was sought to prevent the town treasurer from paying in excess of the amount appropriated; it was held: "In our opinion, however, the vote above quoted fixing the amount of compensation to be paid to each member of the town council for his services during the year for which he was elected, constitutes a limitation upon any appropriation for the payment of the salaries of town officers during the year. The intention of the financial town meeting to limit the amount that should be paid to any member of the town council is clear, and the payment to any member of any sum in excess thereof is what is sought by the bill to be enjoined. The appropriation for payment for the services of each member of the town council being thus limited, the town treasurer can not exceed such limitation. The preliminary injunction was in this respect properly granted." And see, also, upon the same point *Town of Warwick* v. *Barber*, 32 R. I. 445. But it is to be noted that in these two cases the action of the financial town meeting, in limiting amounts appropriated for salaries, related to salaries of members of the town council as to which no such provisions exist as in the case of the collector of taxes.

The other questions raised by defendants relate to the matter of the presentation of the plaintiff's claim to the town council of the town of Warwick, and to the service made upon the town treasurer of the former town of Warwick and upon the town treasurers of the present town of Warwick and town of West Warwick, respectively; these several parties claiming that for various reasons the procedure taken was improper and insufficient, and that the suit cannot be maintained against them.

(2) All of the proceedings relating to the election and qualification of the plaintiff as collector of taxes, and his complete execution of the duties of his office in collecting the taxes took place between November 14, 1910, when he was elected, and January 20, 1913, when he presented his claim for compensation to the town council of the town of Warwick for

five per cent. of the amount of taxes collected, said claim amounting to the sum of $8,782.14; no satisfaction was made him by the town treasurer within forty days after January 20, 1913, so that his right of action against the town treasurer accrued and he was entitled to bring his action on or after March 2, 1913.   Gen. Laws (1909), Chapter 46, § 12.

In Public Laws, January, 1913, p. 181, appears an act, Chapter 1012, entitled "An act dividing the town of Warwick into two towns."   That act was approved March 14, 1913, and took effect upon its approval; and thereby the town of Warwick was divided into two towns, one called the town of Warwick and the other called the town of West Warwick. Sections 1 to 7, inclusive, contain numerous appropriate provisions relative to the division of the territory of the former town of Warwick by proper description; the incorporation of the inhabitants of the two towns so constituted; representation in the general assembly; meetings of the district court; drawing jurors; board of police commissioners; books of record, plats, etc.; Section 8 provides for town elections, the first to be held in each town being on the Tuesday following the first Monday in November, 1913 (this being November 4, 1913).   Section 11 provides as follows:   "Section 11.   The town officers now in office in the present town of Warwick shall hold office until the officers of the respective towns of Warwick and West Warwick shall have been elected as provided for in this act, and shall have qualified for their respective offices, and said town officers shall continue to perform for both of said towns all of the duties now imposed by law upon them, until such new officers are elected and qualified . . . ."   Section 14 provides as follows:   "Sec. 14.   All debts and liquidated liabilities of the present town of Warwick shall be and remain valid and binding.   The Warwick division commission, hereinafter created, shall apportion the payment of said debts and liquidated liabilities between the towns of Warwick and West Warwick in proportion to the ratable property in said towns, according to the assessment of taxes last made in the present

town of Warwick. Such apportionment shall not bar the holder of such debt or liability against the present town of Warwick from recovering as fully as said holder might have recovered against the present town, but shall be made only for the purpose of determining which town shall be primarily liable for each debt and for establishing a right of recoupment between said town if the town primarily liable fails to pay any obligations apportioned to it. All actions in law and equity now pending against the present town of Warwick may be prosecuted to final judgment without the substitution of any new defendant, but execution shall issue against the town treasurers of both the town of Warwick and West Warwick and the amount under said execution shall be paid by the two towns in the same proportions as present indebtedness is apportioned by the Warwick Division Commission. Causes of action against the present town of Warwick in which no suit has yet been brought and in which the statute of limitations has not expired, if brought, shall be brought in the manner prescribed in Chapter 46 of the General Laws of 1909, but against both the towns of Warwick and West Warwick, and in the event of the execution against said towns, said towns shall pay the judgment secured in the same proportions as present indebtedness is apportioned by the Warwick Division Commission."

The manner of bringing suit against the town of Warwick on the claim of the plaintiff in the present case, is set forth in Chapter 46, General Laws, R. I. (1909), in Section 12, as follows: "Sec. 12. Every person who shall have any money due him from any town or city, or any claim or demand against any town or city, for any matter, cause or thing whatsoever, shall take the following method to obtain the same, to wit: Such person shall present to the town council of the town, or to the city council of the city, a particular account of his claim, debt, damages or demand, and how incurred or contracted; which being done, in case just and due satisfaction is not made him by the town or city treasurer of such town or city within forty days after

the presentment of such claim, debt, damages or demand aforesaid, such person may commence his action against such treasurer for the recovery of the same."

The defendants seem to claim, that in some way the plaintiff has failed to comply with these provisions of the law. The plaintiff having duly presented his claim to the town council of Warwick, before there was any division of the town and when it was the only body to which he could present it under the law, his right of action thereon accrued, as above shown, on March 2, 1913. The act of division went into effect March 14, 1913. The plaintiff's suit was brought by writ dated May 23, 1913, against "Dwight R. Adams," . . . "Town Treasurer of said Town of Warwick;" the writ was served May 26, 1913, upon "Dwight R. Adams, town treasurer, the said defendant," etc. At that time Dwight R. Adams having been town treasurer of the old town of Warwick was continuing "to perform for both of said towns all of the duties now imposed by law" upon town treasurers, by virtue of the act Chapter 1012, § 11, above quoted; that is to say he was acting as town treasurer both of the town of Warwick and of the town of West Warwick as constituted by the act. He was the only person upon whom service could be made at that time, under the provisions of Chapter 46, § 12, above quoted, in order to comply with the provision of Chapter 1012, § 14, above quoted, viz.: "Causes of action against the present town of Warwick in which no suit has yet been brought and in which the statute of limitations has not expired, if brought, shall be brought in the manner prescribed in Chapter 46 of the General Laws of 1909, but against both the towns of Warwick and West Warwick, and in the event of the execution against said towns, said towns shall pay the judgment secured in the same proportions as present indebtedness is apportioned by the Warwick Division Commission." It is plain that by this provision the general assembly intended that suits within its purview should be brought as provided in Chapter 46, § 12, against the town treasurer, although it uses the

words "against both the towns" and "against said towns," otherwise the reference to Chapter 46, in prescribing "the manner" of bringing suit would be meaningless.

The fact that, in the writ and declaration, suit is brought and declaration is made against "Dwight R. Adams, Town Treasurer of said Town of Warwick," and no mention is made of the town of West Warwick is quite immaterial; in view of the facts that after the election of November 4, 1913, and after both the town of Warwick and the town of West Warwick had elected their town officers, including their town treasurers, and it appearing that Dwight R. Adams after such election ceased to be town treasurer, and Howard V. Allen became town treasurer of the town of Warwick, and Philip Duffy became town treasurer of the town of West Warwick, both duly elected and qualified, and thereafter said Allen and Duffy were duly served with process on the 7th day of February, 1914, making them defendants in the suit, and thereafter entered their appearance and concurred by counsel in the agreed statement of facts upon which the case was heard before this court, and have been fully heard, we are of the opinion that the plaintiff has taken the proper and only course pointed out by the statutes above quoted under the circumstances of this case. It was necessary that the respective town treasurers of the towns of Warwick and West Warwick should be summoned in to take upon themselves, respectively, the defence of the action, within one year after Adams ceased to be treasurer; otherwise the suit would have abated by operation of law. *Tourjee v. Matteson,* 34 R. I. 270.

The further contention on behalf of these defendants that the plaintiff never has presented his claim to the town councils of Warwick or of West Warwick since these town councils came into existence, after November 4, 1913, and therefore cannot recover against either of them is equally unfounded. So far as the presentation of his claim to a town council as a condition precedent to maintaining suit is concerned, said presentation to the town council of the town

of Warwick on January 20, 1913 was all that the statute called for. At that time the act of division of the town had not been passed; his right of action pursuant to such presentation accrued on March 2, 1913, before the act was passed; and such right of action is preserved by the express terms of Chapter 1012, § 14, above quoted; there is nothing in that act which called for a further presentation of the claim after the division of the town.

We have examined the cases from other jurisdictions, cited upon the briefs of the parties, but we have not found it necessary to refer to or discuss them, inasmuch as they arose under statutes unlike our own and furnish little, if any, aid in coming to our conclusion, which is based entirely upon a consideration of our statutes herein quoted and of certain cases in this state heretofore decided.

Upon the agreed statement of facts we are of the opinion and our decision is that the plaintiff is entitled to recover the amount claimed by him, being $8,782.14, with interest thereon at the rate of six (6) per cent. per annum, from the date of presentation of the claim to the town council of Warwick, to wit, from January 20, 1913; and to have judgment therefor against both the town treasurer of Warwick and the town treasurer of West Warwick.

The papers in the case with the decision of this court certified thereon will be sent back to the Superior Court sitting within and for the County of Kent, for the entry of final judgment upon this decision.

*Mumford, Huddy & Emerson,* for plaintiff.

*Charles C. Mumford,* of Counsel.

*Quinn & Kernan,* for defendant, Philip Duffy.

*Harold R. Curtis,* for defendant, Howard V. Allen.