**In re ADVISORY OPINION TO the HOUSE OF REPRESENTATIVES.**

No. 93–262–M.P.

Supreme Court of Rhode Island.

July 20, 1993.

Virginia McGinn, Sp. Asst. Atty. Gen., Michael O'Connor, Richard P. Kearns, for House of Representatives.

James P. Marusak, for Town of Lincoln.

To the Honorable House of Representatives of the State of Rhode Island and Providence Plantations:

We have received from the Honorable House of Representatives a resolution requesting, in accordance with article 10, section 3, of the Constitution of the State of Rhode Island, our written opinion regarding certain questions of law. These questions relate to the constitutionality of the pending House Resolution 93–H–7198. The resolution would amend section 1 of chapter 71 of the Public Laws of 1978 by the approval of new voting districts in the town of Lincoln and removal of current office holders from the school committee, the water board, the budget board, and the Democratic and Republican district committees.

The specific questions of law posited are as follows:

"1. Is the proposed amendment regarding the members of the school committee and water board violative of section 1 of article XIV of the amendments [to] the United States [C]onstitution?

"2. Is the proposed amendment regarding the budget board violative of section 1 of article XIV of the amendments [to] the United States [C]onstitution?

"3. Is the proposed amendment regarding the Democratic and Republican [d]istrict committees violative of section 1 of article XIV of the amendments [to] the United States [C]onstitution?"

Following our conference, after hearing the oral arguments and examining the memoranda submitted on behalf of the House of Representatives, the town of Lincoln, and the Attorney General, we issued an order indicating that none of those questions would be reached because the proposed legislation would violate the Rhode Island Constitution.

In 1951 a limited constitutional convention amended the Rhode Island Constitution with the adoption of amendment 28, the Home Rule for Cities and Towns, which granted and confirmed to the people of every city and town the right to self-government in local matters. Public Laws 1951, ch. 2705. At the December 4, 1986 constitutional convention, the delegates incorporated amendment 28, the Home Rule Amendment, into article 13 of the Rhode Island Constitution.

The Home Rule Article altered the traditional rule that cities and towns were creatures of the Legislature, that they had no inherent right to self-government but rather derived all their authority and power from the Legislature. *Lynch v. King*, 120 R.I. 868, 391 A.2d 117 (1978). The article becomes effective in a city or town only when a charter is presented and accepted by the town. *Capone v. Nunes*, 85 R.I. 392, 132 A.2d 80 (1957). Until such affirmative action is taken by the city or town, it continues to be subject to the plenary power of the General Assembly. *Id.*

Section 2 of article 13, the Home Rule Article, empowers cities and towns to adopt a charter and enact and amend local laws relating to its property, affairs, and government, providing such action is not inconsistent with the Rhode Island Constitution or laws enacted by the General Assembly. In section 3, the cities and towns are given the power to have a legislative body.

The Rhode Island Constitution reserves to the Legislature power over cities and towns in section 4. The exercise of that power, however, is limited to two situations. The Legislature can act only in relation to the property, affairs, and government of any home-rule city or town by the General Laws when such legislation pertains to all cities and towns alike and does not affect the form of government of any home-rule city or town. When an act of the Legislature pertains to only one home-rule city or town, the approval of a majority of the qualified electors of that city or town in a general or special election is necessary. *McCarthy v. Johnson*, 574 A.2d 1229 (R.I.1990); *Bruckshaw v. Paolino*, 557 A.2d 1221 (R.I.1989).

The town of Lincoln, pursuant to the Rhode Island Constitution, adopted a home-rule charter on November 4, 1958, by

a vote of the citizens of Lincoln. The election procedures in the charter were validated by the Legislature by chapter 38 of the Public Laws of 1959. Reapportionment law relating to the representative and senatorial district lines is limited by the language in the Rhode Island Constitution. The reapportionment of local voting districts is a matter reserved to cities and towns by section 2 of the Home Rule Article as a local matter relating to property, affairs, and government. The cities and towns are free to delineate their own city and town voting districts for local election purposes.

■ In 1978 the General Assembly ratified the councilmanic district lines for the town of Lincoln. P.L.1978, ch. 71. The submission of the reapportionment plan to the General Assembly was unnecessary at that time because the reapportionment plan was not a matter of statewide concern. The ratification was a special act affecting only Lincoln. As we stated previously, such special acts pertaining only to a specific home-rule city or town are required to be approved by a majority of the qualified voters in such city or town. The 1978 reapportionment plan was never submitted to the electorate as required and for that reason would seem ineffective. The plan submitted, however, was identical to the reapportionment of local voting districts by the Lincoln Town Council and the Lincoln Board of Canvassers and became effective through the self-governing provisions of the Home Rule Article. The special act of the Legislature in 1978 was in violation of the Home Rule Article and was an unnecessary, meaningless exercise since the reapportionment plan was enacted locally.

■ Perhaps the superfluous reapportionment act of 1978 by the Legislature created the belief that a new reapportionment plan in Lincoln following the 1990 census would require another special act by the Legislature. Pursuant to its home-rule charter, however, Lincoln was free to reapportion following the 1990 census. Upon the completion of its 1993 reapportionment

plan, there was no need to present the plan to the General Assembly.

The reapportionment bill at issue purports to approve the 1993 reapportionment plan and as an ancillary matter would remove the locally elected officials prior to the completion of their terms of office.

■ We recognize the sovereignty of the State in matters of elections, which power is not surrendered by a home-rule charter. *McCarthy v. Johnson*, 574 A.2d 1229 (R.I. 1990); *Bruckshaw v. Paolino*, 557 A.2d 1221 (R.I.1989); *State v. Krzak*, 97 R.I. 156, 196 A.2d 417 (1964); *Opinion to the House of Representatives*, 80 R.I. 288, 96 A.2d 627 (1953). These cases deal with the specific procedural aspects of local elections. Local reapportionment is distinguishable in that it does not relate to the procedural aspects of the local elections. Instead it is a matter of local interest reserved by article 13, section 2, to the local government.

■ The matter of reapportionment falls directly under the characterization of matters that are to be resolved on a local level pursuant to a home-rule charter. A special act of the Legislature ratifying the reapportionment scheme would not be necessary. If such an act were adopted, however, it could become effective only upon a subsequent submission of the scheme to the local voters. The General Assembly retains no authority to enact the reapportionment plan and remove the locally elected officials from office because these are clearly matters of local concern.

We conclude that the proposed legislation would be in direct violation of the provisions of Lincoln's home-rule charter. Therefore, we shall not reach the questions presented to us by the Legislature pertaining to the validity of the legislation under section 1 of the Fourteenth Amendment to the United States Constitution. The Attorney General correctly points out that these questions would be moot on the basis of

our determination that the provisions of the legislation violate the Rhode Island Constitution.

Respectfully submitted,

THOMAS F. FAY

JOSEPH R. WEISBERGER

FLORENCE K. MURRAY

DONALD F. SHEA

VICTORIA LEDERBERG