Suzanne **HOURIHAN, Ronald Hourihan, Middletown Acquisition Group L.L.C., d/b/a Newport Equestrian Academy**

v.

**TOWN OF MIDDLETOWN.**

No. 98–359–Appeal.

Supreme Court of Rhode Island.

Oct. 23, 1998.

Keven A. McKenna, Joseph F. Hook, Providence.

Turner C. Scott, Newport, James R. Lee, Providence.

### ORDER

This case came before the Supreme Court on October 5, 1998, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiffs, Suzanne Hourihan, Ronald Hourihan, Middletown Acquisition Group L.L.C., dba Newport Equestrian Academy, have appealed a Superior Court order denying their motions for a temporary restraining order, a preliminary injunction, and a permanent injunction against the Town of Middletown (town) in respect to a local ordinance regulating the riding of horses on the town's beaches during the summer months. The plaintiffs also sought a stay of enforcement of the ordinance that was denied by this Court on July 16, 1998.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

On June 15, 1998, the town adopted ordinances which prohibited the riding of horses on Sachuest and Third beaches during the summer months. Middletown Code of Ordinances § 94.32(I)(1) through § 94.32(I)(6). The plaintiffs sought a declaration from the Superior Court that the ordinances were void because they violated plaintiffs' rights under the Rhode Island Constitution and because the town lacked the authority to enact these ordinances. On July 7, 1998, the Superior Court denied the plaintiffs' motions in an order that incorporated its July 3, 1998 decision that "the Town of Middletown has the authority to enact ordinances governing horses on its beaches."

In 1968, the town approved a Home Rule Charter (charter) pursuant to amendment 28 of the Rhode Island Constitution, Home Rule for Cities and Towns.[1] The charter grants the town council the powers "to enact, amend or repeal ordinances for the preservation of the public peace, health, safety, comfort and welfare, and for the protection of persons and property." Middletown Charter, Article II, Sec. 207(m).

"Section 2 of article 13 [of the Rhode Island Constitution], the Home Rule Article, empowers cities and towns to adopt a charter and enact and amend local laws relating to its property, affairs, and government, providing such action is not inconsistent with the Rhode Island Constitution or laws enacted by the General Assembly." *In re Advisory Opinion to the House of Representatives*, 628 A.2d 537, 538 (R.I.1993). When municipalities have adopted Home Rule Charters, those cities and towns are empowered to enact ordinances regulating all purely local matters. *Town of East Greenwich v. O'Neil*, 617 A.2d 104, 111 (R.I.1992).

We are of the opinion that the ordinances prohibiting the riding of horses on Middletown public beaches during the summer months are valid pursuant to the authority granted to communities under G.L.1956 § 45-6-1, which provides, "Town councils * * * may * * * make and ordain all ordinances and regulations for their respective towns not repugnant to law * * * for the well ordering, managing, and directing of the prudential affairs and police of their respective towns." Municipalities and towns are in the best position to regulate public safety issues such as licensing dogs or determining the appropriate conditions for the riding of horses on beaches during seasons when beachgoing increases dramatically. Because the ordinances clearly concern the "preservation of the public peace, health, safety, comfort and welfare" of the users of the beaches of the town, they also fall within the authorization granted by the Middletown Home Rule Charter.

We also reject plaintiffs' claims that the ordinances violate their property rights. The ordinances are not confiscatory, first, because the ban on horseriding on the beach is confined only to certain months of the year, and, second, even during that period, plaintiffs are not precluded from riding their horses in areas other than the beaches.

---

1. At the December 4, 1986 constitutional convention, the delegates incorporated amendment 28, the Home Rule Amendment, into Article XIII of the Rhode Island Constitution.

This Court has considered the plaintiffs' other arguments and finds them to be without merit.

We therefore deny and dismiss plaintiffs' appeal and affirm the order of the Superior Court, to which we remand the papers in this case.