STATE *vs.* STANLEY J. KRZAK.

JANUARY 9, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This is a criminal complaint and warrant charging the defendant with violation of a licensing requirement prescribed under the revised ordinances of the city of Pawtucket, 1953. From a conviction in the district court of the tenth judicial district the defendant claimed an appeal to the superior court where he filed a plea in abatement and a motion to quash on the ground that the ordinance in question was in contravention of G. L. 1956, §5-21-1. The state filed a replication, and on the motion of the attorney general pursuant to G. L. 1956, §9-24-27, the superior court has certified to this court the following questions of law as being of such doubt and importance as to affect the merits of the controversy:

"1. Is Section 1, Chapter 12 of the Revised Ordinances of the City of Pawtucket invalid, for the reason that the penal provision, Section 1.4, of the General Provisions of the Pawtucket Revised Ordinances, is not in conformity with and is inconsistent with the State Enabling Act, Title 5, Chapter 21, Section 1 of the 1956 General Laws?

"2. Is Section 1.4 of the General Provisions of the Pawtucket Revised Ordinances (1953) unconstitutional and invalid because it is inconsistent with and not in conformity with the State Enabling Act, Title 5, Chapter 21, Section 1, 1956 General Laws, and in contravention of Sections 2 and 4 of Article XXVIII of the Articles of Amendment of the Constitution of Rhode Island?

"3. Is Article I, Section 1-100 of the Charter of the City of Pawtucket, from which Section 1.4 (General Penal Provision) of the Pawtucket Revised Ordinances derives its power, unconstitutional and invalid because this Section (1-100) contravenes Title 5, Chapter 21, Section 1, 1956 General Laws and also Sections 2 and 4, Article XXVIII of the Articles of Amendment of the Rhode Island Constitution?"

It appears from the papers in the case that defendant is charged with the violation of sec. 12.1 of the revised ordinances which provides as follows:

"Every person, except licensed pawnbrokers, before engaging in the business of purchasing, selling, bartering or dealing in junk, old metals or any secondhand articles, whether as a keeper of a shop or storehouse for the reception or sale of the same, or as a gatherer of the same in any bag, wagon or cart, except keepers of shops for the purchase, sale or barter of books, pamphlets or periodicals, shall obtain a license from the city council."

No penalty for violation is contained therein and prosecution of defendant was made pursuant to sec. 1.4 entitled "General penalty; continuing violations." This section provides for a penalty which is applicable to the violation of any requirement or prohibition contained within the ordinances for which no specific penalty is otherwise made and provided and in pertinent part reads as follows: "* * * shall be punished by a fine not exceeding five hundred dollars and cost of prosecution or by imprisonment not exceeding one year or by both such fine and imprisonment."

It further appears that the revised ordinances of 1953 were adopted by the city council pursuant to the provisions of sec. 1-100 of the Pawtucket charter. Vernacularly referred to as the "home rule charter," it was adopted in accordance with the provisions of art. XXVIII of amendments to the state constitution. General laws 1956, §5-21-1, authorizes the legislative bodies of the cities and towns to provide by ordinance for the licensing of secondhand shops in language similar to that employed by the city council in sec. 12.1, but specifically provides that the penalty for violation of any such ordinance shall be a fine not in excess of $200 or by imprisonment not exceeding six months.

By his pleas, defendant placed in issue the validity of the ordinance on which prosecution was predicated and the provision of the charter by the authority of which said ordinance was purportedly adopted.

The defendant contends that the first question should be answered in the affirmative for the reason that standing alone sec. 12.1 provides no penalty and is therefore ineffective unless the enforcement thereof can be successfully maintained by virtue of sec. 1.4.

In our judgment there is merit in this contention. Manifestly an ordinance which purports to require the obtaining of a license as a prerequisite to the sale of secondhand goods, but which imposes no penalty for noncompliance, is ineffective to the extent that it cannot be enforced. Since no penalty for noncompliance is imposed by sec. 12.1, standing alone it has no efficacy. Noncompliance with its terms cannot constitute an offense, but the ordinance as such is ineffective rather than invalid.

It is contended, however, that the city council in adopting the revised ordinances expressly provided a penalty for noncompliance by the enactment of sec. 1.4 which, by its terms, is applicable to all ordinances for which specific penalties have not been provided.

This so-called "General penalty" provision, however, is in excess of the jurisdiction delegated to the city council by the general assembly which has exclusive jurisdiction of the regulation of businesses by the licensing power. *New-port Amusement Co.* v. *Maher,* 92 R. I. 51, 166 A.2d 216. Pursuant to the provisions of G. L. 1956, §5-21-1, the city council could have effectively enacted the licensing ordinance in question, but in doing so it could not exceed the authority delegated therein to it by the general assembly. Sections 12.1 and 1.4 read together therefore constitute an abuse of power delegated by the legislature and as such are invalid. The police power is vested in the state and may be exercised by the several municipalities only when authorized so to do by the general assembly and then only within such limitations as the general assembly may have provided. See *State* v. *Thurston,* 28 R. I. 265, *State* v. *Mc-Culla,* 16 R. I. 196, and *Petition of Baxter,* 12 R. I. 13.

In the foregoing cases, the municipalities involved had, by ordinances, attempted to enact regulations the violations of which were subject to penal provisions which the state had already prescribed and made subject to penalties. To that extent they are distinguishable from the exact question here presented but, in our judgment, not materially so. The regulation of secondhand shops through the licensing thereof has, by the terms of §5-21-1, been recognized by the legislature as a proper subject for the exercise of the police power but, in its wisdom, it has left such regulation to the determination of the local legislative bodies. This delegation of the police power, however, was made subject to specific limitations. Consistent with the reasoning in the cases heretofore cited, we are constrained to hold that sec. 1.4 of the revised ordinances constitutes an ultra vires exercise of the authority delegated by the legislature to the Pawtucket city council.

The attorney general has called to our attention the decisions of several other jurisdictions which, in the posture

those cases were considered, are somewhat in conflict with the view we take. In the circumstances in which they arose they appear to hold that where the penalty provisions of a municipal ordinance are more harsh than those provided by state statute for an identical violation, the ordinance and statute are to be read in pari materia, preserving the ordinance provisions to such extent as they are not in excess of those in the statute.

However, we are dealing with a question of delegated authority and, in our judgment, an ordinance adopted pursuant to such authority is void if not conformable to the delegation as limited.

Moreover, we are not here confronted with a conflict in penalties imposed on the one hand by the legislature and by a city council on the other. The general assembly in §5-21-1 has neither provided for the obtaining of a license nor fixed a penalty for the operation of a secondhand shop without first having obtained a license. Rather, it has left the determination of both questions to the legislative discretion of the town and city councils, foregoing its constitutionally exclusive right to pre-empt the field. In thus delegating its authority, however, the general assembly has placed a limit within which the towns and cities are restricted in their actions.

Nor was the city council empowered to adopt sec. 1.4 by virtue of the authority purportedly conferred on it by sec. 1-100 of the home rule charter, which provides in pertinent part as follows:

"The city shall have the power to enact ordinances and to make rules and regulations necessary and proper for carrying into execution its powers; and such ordinances, rules and regulations may be made enforceable by the imposition of fines, forfeitures and penalties not exceeding five hundred dollars and by imprisonment for a period not exceeding one year for any one offense."

We have heretofore had occasion to note that by art. XXVIII of amendments to the constitution, on the author-

ity of which the Pawtucket charter was adopted, the sovereignty of the state in the matter of elections and education was not surrendered to those cities and towns which adopted a home rule charter. *Royal* v. *Barry,* 91 R. I. 24; *Opinion to the House of Representatives,* 80 R. I. 288.

Neither was the sovereignty of the state with relation to the exercise of the police power transferred to such cities and towns. The legislative exercise of the state's sovereignty is vested in the general assembly by the constitution, art. IV, §§2 and 10. It is clear from a reading of art. XXVIII of amendments, §§2 and 4, that this amendment does not purport to diminish the legislative power of the general assembly in matters of state-wide application.

The first two questions, therefore, are answered in the affirmative.

The final question certified is also answered in the affirmative, but only as it relates to the application of sec. 1.4 to the licensing ordinance in issue, namely, sec. 12.1.

It may be that the general assembly has authorized the fixing of penalties consistent with those in sec. 1-100 for the violation of other ordinances, the adoption of which has likewise been authorized by the legislature. Whether such is the case we do not inquire because a determination thereof is not material in the circumstances here present.

All of the questions as certified are answered in the affirmative, and the papers in the case with our answers certified thereon are ordered sent back to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Louis J. Perez,* Special Counsel, for State.

*Philip M. Hak,* for defendant.