Walter **BRUCKSHAW**

v.

Joseph R. **PAOLINO** et al.

No. 88–18–Appeal.

Supreme Court of Rhode Island.

May 12, 1989.

John B. Harwood, McKinnon & Harwood, Pawtucket, for plaintiff.

Mark S. Mandell, Susan Carlin, Mandell, Famiglietti & Schwartz, Ltd., Providence, for defendants.

## OPINION

SHEA, Justice.

The plaintiff in this case, Walter Bruckshaw, appeals from a judgment of the Superior Court declaring Public Laws 1985, chapter 468, invalid and unenforceable, denying the plaintiff's petition for declaratory relief, and granting the defendants' counterclaim for declaratory relief. We affirm.

During its 1985 session the Rhode Island General Assembly enacted P.L.1985, ch. 468, entitled "An Act Relating To Retirement Of Employees Of The City Of Providence" (the 1985 Retirement Act). In pertinent part, the 1985 Retirement Act states:

"Any class A or B employee employed by the city of Providence on September 1, 1985 who has previously served as an employee of any state or municipal government may prior to October 1, 1985 pay into the retirement system a contribution equal to eight (8%) percent of his compensation earnable in his first year of creditable service multiplied by the number of years and fraction thereof in such state service."

The plaintiff, who belongs to the class of employees described in the 1985 Retirement Act, applied to pay into the retirement system to buy back credits toward retirement. The defendants, the Employee Retirement Board of Providence, did not accept the application (or any other application filed under the 1985 Retirement Act). The plaintiff then filed a petition for declaratory relief, seeking a judicial determination of the validity of the 1985 Retirement Act. In their answer to plaintiff's petition defendants counterclaimed for declaratory relief, requesting a judicial determination of the rights and duties of the parties and a finding that the 1985 Retirement Act is not valid. The trial justice ruled that P.L.1985, ch. 468, is invalid and unenforceable and granted defendants' counterclaim for declaratory relief.

In 1980 the citizens of Providence voted to adopt a home rule charter. The General Assembly ratified and confirmed the provisions of the home rule charter when it passed P.L.1981, ch. 37. The charter became effective in January of 1983.

Section 908(b)(1) of the Providence Home Rule Charter creates an employee retirement board whose duties are to "establish rules and regulations for and be responsible for the administration and operation

of the city employee retirement systems under its jurisdiction."

The Rhode Island Constitution grants the authority to every city and town to enact a home rule charter. Once it adopts such a charter, the city or town has "the right of self government in all local matters" as long as the charter is "not inconsistent with this [Rhode Island] Constitution and laws enacted by the general assembly in conformity with the powers reserved to the general assembly." R.I. Const. art. XIII, §§ 1 and 2.

Similarly, article I, section 103, of the Providence Home Rule Charter states:

"The city shall have all powers of local self-government and home rule and all powers possible for a city under the Constitution and the laws of the state, including the power and authority to act in all local and municipal matters and to adopt local laws and ordinances relating to its property, affairs and government."

However, this delegation of authority to the cities and towns regarding local affairs does not completely divest the General Assembly of its authority to legislate regarding local matters.

Article XIII, section 4, of the Rhode Island Constitution provides two methods by which the General Assembly may legislate regarding the local matters of cities and towns with home rule charters.

"The general assembly shall have the power to act in relation to the property, affairs and government of any city or town by general laws which shall apply alike to all cities and towns, but which shall not affect the form of government of any city or town. The general assembly shall also have the power to act in relation to the property, affairs and government of a particular city or town provided that such legislative action shall become effective only upon approval by a majority of the qualified electors of the said city or town voting at a general or special election * * *."

We have stated that because the constitution and general laws are devoid of guidelines defining the parameters of "local" and "general" legislation, this court resolves conflicts between state and municipal legislation. *Marro v. General Treasurer of Cranston*, 108 R.I. 192, 196, 273 A.2d 660, 662 (1971). The 1985 Retirement Act conflicts with § 908 of the Providence Home Rule Charter in that it regulates in the area of pensions for Providence employees.

■ This court has held that the state maintains sovereignty over the regulation of police affairs, the conduct of business, licensing, education, and elections. *Marro v. General Treasurer of Cranston*, 108 R.I. 192, 273 A.2d 660 (1971); *Nugent v. City of East Providence*, 103 R.I. 518, 238 A.2d 758 (1968); *State v. Krzak*, 97 R.I. 156, 196 A.2d 417 (1964); *Royal v. Barry*, 91 R.I. 24, 160 A.2d 572 (1960); *Opinion to the House of Representatives*, 80 R.I. 288, 96 A.2d 627 (1953). These matters are of statewide concern and are therefore the responsibility of the General Assembly. The regulation of the city of Providence's employee pension plan, however, is not a matter of statewide concern. The Providence pension plan directly affects only residents of Providence in that they provide revenues needed to support the system and they receive the benefits garnered from the plan.

■ Because Providence's employee pension plan is a local matter and because Providence has adopted a home rule charter, the General Assembly may legislate regarding this local matter only by (1) enacting general legislation, applicable to all cities and towns in Rhode Island, or (2) enacting special legislation that must then be submitted to and approved by a majority of the qualified voters of the city or town at a general or special election. *See* R.I. Const. art. XIII, § 4. *See also Opinion to the House of Representatives*, 79 R.I. 277, 280, 87 A.2d 693, 696 (1952) and *Marro*, 108 R.I. at 195, 273 A.2d at 662. Because the 1985 Retirement Act does not apply equally to all cities and towns and because it was not approved by the majority of the Providence voters, it does not comply with the directives of article XIII, section 4.

Having determined that (1) the Providence Home Rule Charter vests authority in the Employee Retirement Board of Providence to regulate city employee pensions, (2) the General Assembly ratified Providence's Home Rule Charter, (3) the regulation of city employee pensions is of local concern, and (4) the General Assembly did not promulgate the 1985 Retirement Act pursuant to the provisions of article XIII, section 4, of the Rhode Island Constitution, we find that the trial justice correctly ruled that the 1985 Retirement Act is invalid and unenforceable.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.