WESTERLY RESIDENTS FOR
THOUGHTFUL DEVELOPMENT,
INC., et al.

v.

Joseph BRANCATO et al.

No. 89–92–A.

Supreme Court of Rhode Island.

Nov. 15, 1989.

Matthew F. Medeiros, Robert Karmen, Flanders & Medeiros, Inc., Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Michael L. Rubin, Asst. Atty. Gen., Maureen McKenna Goldberg, Town of Westerly Sol., Pawtucket, Frank J. Williams, Michael Ursillo, Providence, for defendant.

Before FAY, C.J., KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

## OPINION

FAY, Chief Justice.

This case comes before this court on appeal by the defendants and cross-appeal by the plaintiffs from a Superior Court decision. The trial court granted the plaintiffs partial relief and enjoined the town of Westerly from expanding its sewer district but ruled in favor of the defendants regarding the constitutionality of certain other acts and ordinances. We reverse the trial court and hold that the town of Westerly has a right to expand its sewer system under its home rule charter. We dismiss the plaintiffs' cross-appeal, relying on our decision that the Westerly charter controls expansion and maintenance of the sewer district.

This dispute centers on the expansion of the sewer district in Westerly. Westerly Residents for Thoughtful Development, Inc. (Westerly Residents), filed a complaint on September 6, 1988, in Washington County Superior Court, seeking to restrain and enjoin the town of Westerly from expanding its sewer system. The Superior Court judgment was entered on February 21, 1989. The trial justice based his decision on a joint statement of undisputed facts and an appendix thereto submitted to him by the parties. The following facts are relevant to this appeal.

■ A sewer district has existed in the town of Westerly since the passage of the Sewer Enabling Act of 1916 (P.L.1916, ch. 1449). The enabling act was amended on various occasions pursuant to special acts of the General Assembly. Westerly Residents challenged numerous legislative acts on the basis that they were not submitted to Westerly voters for approval as required by the home rule amendment. They also alleged that the acts and ordinances promulgated under these acts were an unconstitutional delegation of legislative authority. The trial court chose to focus on P.L.1970, ch. 172, and P.L.1974, ch. 63, in particular.

Public Laws 1970, ch. 172, § 1, authorizes the Town Council of the Town of Westerly, in addition to that portion of the town previously included within the first drainage district, "in its complete and absolute discretion to include from time to time by ordinance upon a majority vote * * * any remaining portion of land lying within the town of Westerly."

Public Laws 1974, ch. 63, § 2, authorizes the department of public works, when so ordered by the town council, "to construct, maintain and operate main drains and common sewers in any of the public streets and highways in said drainage district * * *."

The Superior Court ruled that P.L.1970, ch. 172, and P.L.1974, ch. 63, violated article XIII, section 4, of the Rhode Island Constitution because they were not submitted to the qualified voters of the town of Westerly for their approval. According to the trial court's decision, P.L.1970, ch. 172, also violated article VI, sections 1 and 2, of the Rhode Island Constitution because the unbridled authority conferred upon the town council was in violation of the nondelegation doctrine. The town of Westerly was prohibited from further extending the sewer lines outside the boundaries of the sewer district as established by the town council as of February 21, 1989, the date of the trial court's judgment.

The trial court's decision did not discuss any powers the town council had to extend the sewer district under the Westerly Home Rule Charter adopted in 1968 by the qualified voters of the town of Westerly, although this argument was submitted by defendants on summary judgment. The defendants' main argument on appeal is that the Westerly Home Rule Charter grants the town full powers to maintain and expand the sewer system.

Pertinent sections of the charter provide as follows:

"1–3–1 Powers of the Town.

The Town shall have all the powers now or hereafter granted to the Town by the home rule and other provisions of the Constitution and General Laws of the State, and shall have complete powers of legislation and administration in relation to its municipal functions together with all powers implied in or incident to the powers expressly granted. The Town shall have power to enact ordinances and to make rules and regulations necessary and proper for carrying into execution the powers and such ordinances may be made enforceable by the imposition of fines, forfeitures and penalties."

"2–1–9 Powers of the Council.

The Council shall have the power:

(a) To enact, repeal, and amend ordinances relating to the Town's property, government and affairs, without limitations and not inconsistent with provisions of the Charter, the State Constitution or Laws enacted by the General Assembly in conformity with the powers reserved to the General Assembly."

"10–1–3 Powers and Duties.

The Department of Public Works shall be responsible for the functions and services of the Town relating to highways, engineering, street lighting, sewers and drains, waste disposal, water supply * * *."

We decline to rule on the constitutionality of the various acts submitted to us by Westerly Residents as violative of the Rhode Island Constitution and agree with defendants that the town's authority to regulate sewers is inherent in its home rule charter.

Rhode Island's Home Rule Amendment grants authority to every city and town to enact a home rule charter, which gives the

town the right of self-government in all local matters as long as the charter is "not inconsistent with this Constitution and laws enacted by the general assembly in conformity with the powers reserved to the general assembly." R.I. Const. art. XIII, §§ 1 and 2; *see also Bruckshaw v. Paolino,* 557 A.2d 1221, 1223 (R.I.1989).

Westerly's town charter provides that the town may enact ordinances and has complete powers of legislation and administration in relation to its municipal functions. The charter specifically vests authority in the town and its department of public works to regulate sewers and drains, designating such activity a municipal function. Whether a sewer line is installed on a particular street in the town of Westerly is not of concern to all the residents of the State of Rhode Island but is of concern to the residents of the town of Westerly. The regulation of sewers is a purely local function and not of statewide concern. Any changes in the sewer system directly affect only residents of Westerly.

The case before us is analogous to *Bruckshaw v. Paolino,* 557 A.2d 1221 (R.I. 1989). In *Bruckshaw* this court pointed out that the regulation of the city of Providence's employee-pension plan was not a matter of statewide concern but a local matter because the Providence Home Rule Charter created an employee retirement board responsible for the administration and operation of the city-employee retirement systems. *Bruckshaw,* 557 A.2d at 1223.

Similarly the power over sewers and drains is *not* a matter of statewide concern since Westerly's charter specifically provides for the department of public works to be responsible for sewers and drains. *See* Westerly Town Charter, § 10-1-3. Moreover, in the charter the town is granted broad powers of home rule over municipal matters. *See* Westerly Town Charter, §§ 1-3-1 and 2-1-9. This court has long recognized that the "General Assembly may delegate to municipal corporations and to their proper officers or boards all powers, legislative or otherwise, which are incidental to municipal government and of

purely local concern." *DePetrillo v. Coffey,* 118 R.I. 519, 523, 376 A.2d 317, 319 (1977).

Municipalities may not, however, legislate on matters of statewide concern. The power of the General Assembly remains exclusive in those areas. The regulation of sewers and drains is not included in the limited list of matters of statewide concern held to be within the exclusive sovereignty of the state. Such matters of statewide concern include "the regulation of police affairs, the conduct of business, licensing, education, and elections." *Bruckshaw,* 557 A.2d at 1223 (citing *Marro v. General Treasurer of Cranston,* 108 R.I. 192, 273 A.2d 660 (1971); *Nugent v. City of East Providence,* 103 R.I. 518, 238 A.2d 758 (1968); *State v. Krzak,* 97 R.I. 156, 196 A.2d 417 (1964); *Royal v. Barry,* 91 R.I. 24, 160 A.2d 572 (1960); *Opinion to the House of Representatives,* 80 R.I. 288, 96 A.2d 627 (1953)).

Since the power to regulate sewers is not one of the matters this court has held to be of statewide concern and since the location of public drains and sewers in the town of Westerly is a purely local concern, as set out in the home rule charter, we find it unnecessary to reach the issues regarding the constitutional soundness of the acts submitted for review to this court. Westerly's power to expand and maintain the sewer system is inherent in its home rule charter.

■ We touch briefly on defendants' claim that the complaint should have been dismissed for failure to serve the Attorney General properly and for failure to join certain indispensable parties.

According to G.L.1956 (1985 Reenactment) § 9-30-11, the Attorney General must be served when a statute or ordinance is alleged to be unconstitutional. Failure to notify the Attorney General has been held to warrant dismissal of the action. *See Brown v. Samiagio,* 521 A.2d 119, 121 (R.I.1987). In the case before us plaintiffs notified the Attorney General of his right to intervene pursuant to Super. R. Civ. P. 24(d) at the time they filed the complaint and served the Attorney General

with a copy of the complaint and other pleadings. The Attorney General later filed an answer in which he acknowledged service of process. In *Brown*, in contrast, plaintiff never effectuated service of process and only notified the Attorney General once the case came to this court.

Our finding is that § 9–30–11 was satisfied in this case based on *Owner–Operators Independent Drivers Association of America v. State*, 541 A.2d 69 (R.I.1988). In that case, relying on the facts that an assistant attorney general had appeared at the proceedings below and a certificate of service was eventually produced on appeal, we were satisfied that the procedural objectives of § 9–30–11 were effectuated. *Id.* at 71. Since the Attorney General was properly notified and eventually did file an answer, we are confident that the procedural objectives of § 9–30–11 were effectuated in this case too.

Concerning defendants' contention that No Bottom Associates, Nancy S. Klotz, and the residents of Batterson Avenue were indispensable parties, we find that their interests are no greater than that of any other owner of undeveloped property in Westerly or any other developer who hopes to have sewer lines extended to a proposed subdivision or new development. As such, these parties do not have an actual and essential interest.

This conclusion should be contrasted to our holding in *In re City of Warwick*, 97 R.I. 294, 197 A.2d 287 (1964). In that case the termination of the term of office to which each of the board members had been appointed was the central issue. It was obvious that each of the board members had an actual and essential interest and should have been joined as necessary parties. *Id.* at 296–97, 197 A.2d at 288. In the instant case none of the parties submitted as indispensable by defendants have the type of actual and essential interest the board members had in *In re City of Warwick*.

We have considered defendants' other assignment of error regarding the issue of plaintiffs' standing and find it to be devoid of merit.

Turning to the plaintiffs' cross-appeal, we find that we need not reach the merits of the question whether the trial court erred in reaching the conclusion that P.L. 1962, ch. 158, and Westerly Code § 26–41 were valid and not in violation of the nondelegation doctrine. In light of our decision that the Westerly Town Charter provides inherent authority for the town to maintain and expand its sewer lines, we hold that the issues raised by the plaintiffs on cross-appeal can be summarily decided in favor of the defendants.

For the reasons heretofore stated, the defendants' appeal is sustained. The plaintiffs' cross-appeal is denied and dismissed. The judgment of the Superior Court restricting the town of Westerly from expanding its sewer lines is hereby reversed. The papers of this case are remanded to the Superior Court for entry of judgment for the defendants.