Michelle McCARTHY

v.

Joel JOHNSON et al.

No. 88-607-Appeal.

Supreme Court of Rhode Island.

May 18, 1990.

Kathleen Managhan, Joseph T. Houlihan, Corcoran, Peckham & Hayes, Newport, for plaintiff.

Thomas R. Bender, A. Lauriston Parks, Hanson, Curran, Parks & Whitman, Providence, for defendants.

OPINION

SHEA, Justice.

This case is before the Supreme Court on appeal by the plaintiff, Michelle McCarthy (McCarthy), from entry of judgment in the Superior Court. We affirm.

On August 2, 1983, McCarthy was injured while riding on a flat bed truck in the city of Newport, Rhode Island. She was knocked off the back of the truck by overhanging tree branches. McCarthy suffered head injuries as a result of this accident.

On March 22, 1985, approximately eighteen months after the date of her injury, McCarthy made a demand in writing upon the City Council of Newport in the amount of $500,000 for damages. Subsequently in June 1985, the General Assembly passed 85-H 6525, a special act authorizing suit against the city of Newport by McCarthy for damages alleged to have been sustained by her on or about August 2, 1983. The act gave McCarthy three years after the date of the passage of the act to bring suit and it authorized judgment not to exceed $500,000. The effect of this act was to

benefit McCarthy by waiving the $100,000 statutory limit on tort liability provided for in G.L.1956 (1985 Reenactment) § 9–31–3.[1]

McCarthy brought suit on July 17, 1986, naming as defendants individual city councilmen, city treasurer Johnson and the McLaughlins, who were the owners of the tree. The plaintiff alleged inter alia, that the city of Newport had breached its statutory duty to maintain the roadway and was negligent in failing to remove overhanging tree limbs. The city answered the complaint asserting as a defense that plaintiff failed to notify the city of Newport of the time, place and cause of the claimed injury within sixty days of the incident as required by G.L.1956 (1980 Reenactment) § 45–15–9, as amended by P.L.1982, ch. 388, § 23. This statute provides in part:

> "A person so injured or damaged shall, within sixty (60) days thereafter, give to the town by law obliged to keep the highway, causeway, or bridge in repair, notice of the time, place, and cause of such injury * * * ".

In turn plaintiff relying on 85–H 6525, moved to strike the defense of failure to give notice as asserted by the city of Newport. The trial justice denied the motion to strike on November 20, 1986. The plaintiff then turned to the General Assembly for relief. On March 6, 1987, 87–H 6883, a second act relating to this claim against the city of Newport was introduced. That act, which became law on July 3, 1987, amended the first special act to include:

> "Notice required to be given to the city of Newport by the said Michelle McCarthy pursuant to section 45–15–9 of the general laws may be given on or before August 27, 1985, and such notice shall be deemed sufficient to meet the requirements of said section for timely notice."

Following enactment of this legislation the city of Newport filed a motion for summary judgment on the basis that both special acts violated the Rhode Island and Federal Constitutions. Citing our decision in *Barroso v. Pepin,* 106 R.I. 502, 261 A.2d 277 (1970), the trial justice granted the motion for summary judgment.[2] He reasoned that the effect of 87–H 6883 was to unconstitutionally give a right of action to plaintiff over four years after it had expired because of lack of notice.

The clerk entered judgment in favor of defendants on September 9, 1988. The plaintiff did not file a notice of appeal until October 27, 1988. In turn defendants moved to dismiss plaintiff's appeal on the basis that it was untimely. The plaintiff moved to extend the time for filing a notice of appeal on the grounds of excusable neglect. After hearing arguments, the trial justice on the motion calendar granted plaintiff's motion to extend.

Assuming without deciding that this appeal is properly before the Supreme Court we believe the dispositive issue is whether article XIII, section 4, of the Rhode Island Constitution renders these two special acts invalid because they were not submitted to the voters of Newport. Section 4 of article XIII provides in part:

> "The general assembly shall have the power to act in relation to the property, affairs and government of any city or town by general laws which shall apply alike to all cities and towns, but which shall not affect the form of government of any city or town. *The general assembly shall also have the power to act in relation to the property, affairs and government of a particular city or town provided that such legislative action shall become effective only upon approval by a majority of the qualified electors of the said city or town voting at a general or special election * * *."* (Emphasis added.)

Article XIII, the Home Rule Amendment, so called, authorizes every city or town to enact a home-rule charter. The city of

---

**1.** General Laws 1956 (1985 Reenactment) § 9–31–3 provides in part:

"In any tort action against any city or town, any damages recovered therein shall not exceed the sum of one hundred thousand dollars * * * "

**2.** In *Barroso v. Pepin,* 106 R.I. 502, 261 A.2d 277 (1970), we held that compliance with the notice requirement contained in G.L.1956 § 45–15–9 is a condition precedent to the bringing of an action to recover for injuries sustained by reason of a defect in the highway.

Newport did so in 1952. The effect of adoption of a home-rule charter is that the city has the right of self-government in all local matters so long as the charter is "not inconsistent with this [Rhode Island] Constitution and laws enacted by the general assembly in conformity with the powers reserved to the general assembly." *Bruckshaw v. Paolino,* 557 A.2d 1221, 1223 (R.I.1989) (quoting R.I. Const. art. XIII, §§ 1 and 2).

Although adoption of a home-rule charter does not divest the General Assembly of authority to enact legislation, its authority is limited by article XIII, section 4. Where legislation affects a statewide concern it is the responsibility of the General Assembly and local approval is not necessary. *Bruckshaw,* 557 A.2d at 1223. Matters where the state maintains sovereignty include the regulation of police officers, the conduct of business, licensing, education, and elections. *Id.* However, in instances where the legislation enacted affects only a single community it is a matter of local concern and must be submitted to the voters of that community at a general or special election. *Id.* Because neither the constitution nor the state law provides guidance as to the parameters of "local" and "general" legislation, this court resolves conflicts between state and municipal legislation. *Id.; Marro v. General Treasurer of Cranston,* 108 R.I. 192, 196, 273 A.2d 660, 662 (1971).

■ The plaintiff asserts that local approval of the two acts enacted for her benefit was not required by section 4 of article XIII. In support of this argument, she contends that the term "property, affairs and government" contained in section 4 must be interpreted narrowly and only prevents the General Assembly from affecting a home-rule community's municipal property holdings, governmental structure, or administration without local approval.

We cannot subscribe to plaintiff's narrow interpretation of the terms "property, affairs and government." In our recent decision in *Bruckshaw* this court declared invalid an act of the General Assembly relating to retirement benefits provided to employees of the city of Providence. In *Bruckshaw* the legislation at issue would have allowed a class of city employees to pay into the Providence retirement system to buy back credits previously earned as state or municipal employees toward retirement. This court held in *Bruckshaw* that the regulation of the city-pension plan was not a matter of statewide concern and that it directly affected the residents of Providence in part because they provided revenues to support the plan.

The case now before the court is not distinguishable from *Bruckshaw.* In both instances the General Assembly has enacted legislation which was not directed at a statewide concern. The two acts before us, 85–H 6525 and 87–H 6883 are not general acts applicable to all towns and cities. They directly affect a single community, the city of Newport, by raising the potential liability exposure for injuries sustained by this plaintiff. As in *Bruckshaw* the residents of a single community would be affected because they would provide the revenue to defend against the claim and to satisfy any judgment plaintiff might recover. Clearly these two acts affect the "property, affairs and government" of the defendant city.

The plaintiff next cites *Dandeneau v. Board of Governors for Higher Education,* 491 A.2d 1011 (R.I.1985), for the proposition that the General Assembly has authority to regulate claims against municipalities and consequently local approval of this special legislation was not required. In *Dandeneau,* this court held that the plaintiff's cause of action which was initially barred by a two-year statute of limitations was revived when G.L.1956 (1985 Reenactment) § 9–1–25 [3] was amended by the

---

**3.** General Laws 1956 (1985 Reenactment) § 9–1–25 provides in part:

"When a claimant is given the right to sue the state of Rhode Island or any political subdivision thereof or any city or town by a special

act of the general assembly, or in cases involving actions or claims in tort against the state or any political subdivision thereof, or any city or town, the said action shall be instituted within three (3) years from the effective date

General Assembly to provide for a three-year statute of limitations. The plaintiff has mischaracterized the import of *Dandeneau*. Unlike the special acts in the case at hand which impact a single home-rule community, the legislation in *Dandeneau*, the amendment of § 9-1-25, was general legislation applicable to the state and all cities and towns.

 The plaintiff also contends that this case involves a matter of jurisdiction and that the delegation of jurisdiction is preserved for the General Assembly. Because the General Assembly retains the power to delegate jurisdiction to the courts, plaintiff contends that enactment of the two special acts are simply an exercise of that power which is unaffected by the home-rule provisions of the Rhode Island Constitution. It cannot be disputed that the General Assembly has the power to confer jurisdiction upon the courts under our constitution. *See Advisory Opinion to the Governor*, 437 A.2d 542 (R.I.1981); R.I. Const. art. X, §§ 1, 2. We do not agree, however, that the case before us involves a question of jurisdiction. Rather it involves the validity of legislation directed at a single home-rule community which benefits a single party. Without question the General Assembly may legislate regarding the jurisdiction of the courts by enacting statutes of general application. Where, as in this case, the legislation affects a single home-rule community, the General Assembly's authority is limited by the terms of article XIII, section 4, of the State Constitution.

Finally the plaintiff contends that §§ 9-31-4[4] and 9-1-25 authorize the General Assembly to enact special legislation without approval by a home-rule community affected by this legislation. This court has recognized that except as limited by the Constitution of the United States and the Constitution of the State of Rhode Island, the powers of the General Assembly are plenary and unlimited. *Kass v. Retire-*

*ment Board of the Employees Retirement System*, 567 A.2d 358, 360 (R.I.1989). However, we are firmly of the opinion that article XIII, section 4, is such a limitation. Article XIII, section 4, requires that when legislation is enacted which affects a local concern the legislation must be submitted to the voters of that home-rule community. Because 85-H 6525 and 87-H 6883 both affect matters of local concern and were not submitted to the voters of the city of Newport as required by article XIII, section 4, these acts are invalid and unenforceable. Consequently we affirm the judgment of the Superior Court.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

---

of said special act, or within three (3) years of the accrual of any claim of tort."

**4.** Section 9-31-4 provides in part:

"The general assembly may, by special act, authorize actions of tort against cities and towns in particular cases in which the amount of damages to be recovered may exceed one hundred thousand dollars ($100,000)."