[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is a petition for declaratory judgment pursuant to §9-30-1 R.I.G.L. and for compensatory and punitive damages pursuant to 42 U.S.C. § 1983.
The parties, on June 27, 1990 filed a "stipulation offacts", which in material summary establishes the factual basis upon which the Court's decision is based.
The plaintiffs, Robert McElroy and Walter Atigian, hereinafter referred to collectively as the plaintiffs, are both retired from the Providence Fire Department after long service as active firemen. Plaintiff McElroy retired in 1974 and plaintiff Atigian retired in 1977. Each, after retirement, were diagnosed as having cancer.
In 1986, the General Assembly enacted Chapter 68, § 1,P.L. 1986, (§ 45-19.1-1 R.I.G.L.) entitled "Cancer Benefits— For Firefighters". That legislative enactment served both to supplement and add to the existing provisions of § 45-19-1,R.I.G.L. entitled "Salary payment during line of duty illnessor injury" for any police officer, fireman, etc. It legislatively recognized by its clear wording that firemen, because of their frequent exposure to carcinogenics, poisons, toxic and chemical substances can develop cancer, and that such cancer could develop over a period of from five to forty years after exposure to any of the cancer-causing agents § 45-19.1-1R.I.G.L. The legislature placed such cancer in the category of an occupational illness or disease and defined occupational cancer as meaning.
. . . a cancer arising out of his or her employment as a firefighter, due to injury due to exposures to smoke, fumes or carcinogenic, poisonous, toxic, or chemical substances while in the performance of active duty in the fire department. § 45-19.1-2(d) R.I.G.L.
In 1988, the General Assembly enacted two laws P.L. 1988 Ch.154 § 1 and P.L. 1988 Ch. 252 § 1, entitled "OccupationalCancer Disability for Firefighters." Those two enactments became§ 45-19.1-3 R.I.G.L. which provides in pertinent part that:
 "the provisions of this section shall apply retroactively in the case of any retired member of the fire force of any city or town."
The cumulative effect of the various legislative enactments hereinbefore noted clearly made each of the plaintiffs as retired firemen, with cancer, eligible for the receipt of the cancer benefits therein provided. Each of the plaintiffs did file for their respective benefits with the Retirement Board of the Employees Retirement System for the City of Providence, hereinafter called the Board. Their eligibility for the requested cancer benefits was certainly established by the presumptive "in the line of duty cancer provisions" of P.L. 1923Ch. 489 Section 5 and P.L. 1986 Chapter 68 Section 1.
On October 26, 1989, the Board approved each of the plaintiffs' requests for cancer disability payments. The defendants have each, and all, however refused to make the payments authorized by the Board. They deny the legal authority of the Board to have approved the cancer disability payment requests. They contend, here, as in previous litigation that the City of Providence Home Rule Charter does not give to the Board the authority to regulate and grant city employee pensions. That contention and position has been previously rejected by this Court.
Section 908 (b)(1-2) in the Providence Home Rule City Charter provides:
 "The powers and duties of the retirement board shall be, without limitation, the following:
 (1) To establish rules and regulations for and be responsible for the administration and operation of the city employee retirement systems under its jurisdiction;
 (2) to report annually in detail to the city council on or before the first Monday in January, showing the fiscal transactions of the system for the fiscal period of the city next preceding the amount of the accumulated cash and securities system and a copy of the last balance sheet showing the financial condition of the system by means of an annual actuarial valuation of the assets and liabilities."
 Section 908 of the Providence Home Rule Charter was specifically ratified by the General Assembly. P.L. 1981 Chapter37 § 1. It appears clear to this Court that the legislative grant to the Board of the power and authority to establish, administer and operate the City of Providence employee retirement systems and of the Board's annual obligation to account to the City Council for all of the fiscal transactions of the system and to keep the City Council aware of its accumulated cash and securities status and of its assets and liabilities was not simply to have the Board act as a sort of ceremonial financial overseer of the city retirement systems. Those duties are with the City Council and with the city finance and controller personnel. To contend otherwise is to defy historical mandate.
In 1961, our Supreme Court in Landers v. Reynolds,92 R.I. 403 and again in 1969 in Santanelli v. City of Providence,105 R.I. 208, clearly placed the responsibility for the granting of city retirement benefits in the Board. InSantanelli, supra, at page 213 our Supreme Court stated:
. . . the legislative intention was that a Providence police officer or firefighter, once retired, must look for benefits, be they pension rights, retirement pay, or medical and hospital expenses, to the special Providence Retirement Act."
That "special" Providence Retirement Act is what created the City Retirement Board and that Board is what the Providence Home Rule Charter specifically authorizes to administer and operate the city retirement systems. Bruckshaw v. Paolino,557 A.2d 1221 (1989).
If the defendants do not approve of the special legislative creation of its employee retirement system board, or of the Board's scope of authority as provided in the Providence Home Rule Charter (Section 908(b)) they should seek to amend the Home Rule Charter or the special legislative enactment which created the Board. It appears to this Court, however, that they have taken a votary position and have opted to fix their feet in the cement of intransigence despite this Court's previous voluble hortation to acknowledge and accept the Board's authority in employee retirement benefit matters. Betz, et als. v. Paolino,et als, Superior Court C.A. 87-5719. Such continued intransigence on the part of the defendants might certainly be relevant evidence with regard to pension and retirement benefit entitlement claims made by city employees under 42 U.S.C.Section 1983.
For the reasons hereinabove set out, this Court finds and declares the October 26, 1989 vote and action of the Board which provided for the payment of cancer disability payments to each of the plaintiffs to be legal and authorized.
With regard to Count I in the plaintiffs' complaint, the defendants City Treasurer and City Controller are accordingly directed to authorize and make the Board authorized cancer disability payments to each of the plaintiffs. The defendant Mayor is directed to take whatever action is by him authorized and necessary to effectuate the payments due to each of the plaintiffs.
With regard to Count II in the plaintiffs' complaint which seeks compensatory and punitive damages and counsel fees from the defendants, personally, as well as in their representative capacities for alleged violation of plaintiffs' rights as guaranteed by 42 U.S.C. § 1983, the disposition of those claims will require an evidentiary hearing. Hearing thereon will be continued before this Court, which will retain jurisdiction, until such time as when the Rhode Island Supreme Court renders its opinion on the Betz, et als v. Paolino, et als, case, noted earlier in this decision.
Pending resolution of the Betz case in our Supreme Court, the declaration of rights Judgment rendered on Count I in this case complaint is stayed and will be further stayed pending entry of final judgment on Count II which will when heard and tried serve to finally adjudicate all of the claims and the rights and liabilities of all of the parties. Rule 54 (B) RCP.
Counsel will prepare the appropriate Judgment for entry by the Court in accordance with this decision.