[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STIPULATION OF FACTS
1. That this is a proceeding for declaratory relief under Title 9, Chapter 30 of the General Laws of the State of Rhode Island for the purpose of determining a question in actual controversy between the parties hereto.
2. Plaintiffs Kathleen D. Field and Alison L. Holm are residents and taxpayers of the City of Providence. Plaintiffs are also employees of the City of Providence, and, by virtue of their employment, are members of the employee retirement system of the City of Providence, Plaintiff City of Providence is a governmental entity and a municipal corporation existing in the State of Rhode Island.
3. Defendant, the Employee Retirement Board of Providence (the "Retirement Board"), is a board of the City of Providence. Defendant Stephen T. Napolitano is the Treasurer of the City of Providence.
4. In 1923, the Rhode Island General Assembly established for the employees of the City of Providence a Retirement System and placed the System under the general administration and management of a retirement board. (P.L. 1923, ch. 489). The statute, and subsequent amendments, set forth the membership of the Retirement Board and specific provisions concerning the operation of the Retirement System. A copy of the Statute, as amended, through December 31, 1988 is attached hereto as Exhibit A. In Bruckshaw v. Paolino, 557 A.2d 1221 (1989) the Supreme Court declared paragraph 14 as appears on Page 28 unconstitutional.
5. That the residents of the City of Providence adopted a Home Rule Charter in 1980. The General Assembly ratified and confirmed same in 1981, to be effective on January 3, 1983.
6. That the Home Rule Charter effective January 3, 1983, makes reference to the Retirement Board in Section 908 of said charter.
7. That the Retirement Board consists of Eleven (11) members as set out in Home Rule Charter Section 908 (A)(1). (See Exhibit B).
8. That Section 908(b) of the Home Rule Charter provides: (See Exhibit C).
9. At a Retirement Board meeting held on December 6, 1989, the Retirement Board, among other things, took actions by a 6-5 vote to the effect that:
 a.) The City would be liable for any deficiency in any members individual retirement allowance resulting from the City's failure to deduct eight percent (8%) of the member's compensation;
 b.) all Class A employees and all beneficiaries of Class A employees who retired or died prior to January 1, 1990 would on February 1, 1990, receive a cost of living retirement adjustment in the amount equal to three percent (3%) of the retirement allowance, and would receive an additional three percent (3%) in each succeeding year;
 c.) all Class A employees and all beneficiaries of Class A employees who retire or die on or after January 1, 1990 would on the first day of January next following the first anniversary date of such retirement, receive a cost of living retirement adjustment in the amount equal to three percent (3%) of the retirement allowance, and would receive an additional three percent (3%) in each succeeding year thereafter;
 d.) the minimum age for service retirement for Class A employees would be age 55 or the age at which 20 years of service is complete;
 e.) all retired Class B employees and all beneficiaries of Class B employees who have retired or have died, would on the first day of January of the year following the date of retirement or decease, receive a cost of living retirement adjustment in the amount equal to six percent (6%) of the retirement allowance, and would receive an additional six percent (6%) in each succeeding year thereafter;
 f.) all retired Class B employees and all beneficiaries of Class B employees who have retired or have died, would have a minimum pension of $1,000 per month;
 g.) 42 police and fire department employees would receive longevity increases in their pensions. A copy of the minutes of said meeting are attached hereto as Exhibit D.
10. The Plaintiffs contend that the actions of the Retirement Board referred to in paragraph 9(a) through (g) are invalid in that they allegedly violate the applicable statute and the Providence Home Rule Charter.
11. At the meeting on October 26, 1989, minutes of said meeting being attached hereto as Exhibit E., the Retirement Board, among other things, took action to the effect that:
 a.) Dorothy Fraioli, Lucretia Ciolli, and Mark Mulcahey be given accidental disability pensions;
 b.) Simone Checharian, age 60, be permitted to borrow $2,500 against his contributions to the Retirement System;
 c.) Joseph Capraro and Eugene Hassel each be permitted to withdraw excess additional contributions from the Retirement System to apply the funds to outstanding loans owned to the Retirement System.
12. The Plaintiffs content that the actions of the Retirement Board referred to in paragraph 11(a) through (c) are contrary to law and beyond the power of the Retirement Board.
13. The parties hereto seek a declaratory judgment as to whether or not the actions of the Retirement Board referred to in paragraphs 9 and 11 above are valid and legally enforceable.
PLAINTIFFS, CITY OF PROVIDENCE, KATHLEEN D. FIELD, ALISON L. HOLM By their Attorneys, BLISH CAVANAGH _________________________________ JOSEPH V. CAVANAGH 30 Exchange Terrace Providence, RI 02903
_________________________________ DEFENDANT, STEPHEN T. NAPOLITANO, in his capacity as the Treasurer of the City of Providence By his Attorney, _________________________________ EDWARD C. CLIFTON, City Solicitor
_________________________________ DEFENDANT, RETIREMENT BOARD OF THE EMPLOYEES RETIREMENT SYSTEM OF THE CITY OF PROVIDENCE, By its Attorneys, LIPSEY SKOLNIK, ESQUIRES, LTD. _________________________________ RICHARD A. SKOLNIK 369 South Main Street Providence, RI 02903 (401) 351-7700